### WALTER *v.* JARVIE.

[No. 27,880. Filed October 19, 1943. Rehearing denied November 22, 1943.]

672

*Joseph E. Talbot, Jr.,* of South Bend, for appellant.

*Clifford V. DuComb,* of South Bend, for appellee.

SWAIM, C. J.—This is an appeal from a judgment adjudging the appellant guilty of civil contempt for failure to support his minor child, pursuant to the former order of the court, and committing appellant to the custody of the sheriff of St. Joseph County, Indiana, and the Indiana State Farm until said payments were made, said period of commitment, however, not to exceed six months.

The appellant has assigned as error the action of the court in overruling the appellant's motion for a new trial and his motion to modify said judgment.

The appellant first complains of the sufficiency of the evidence to sustain the judgment.

The appellee was granted a divorce from the appellant on March 25, 1938, and awarded the custody of their infant child. At that time the appellant, on his "voluntary offer," was ordered to pay $12.50 per week for the support of said child. On July 25, 1941, the appellee filed an information showing that the appellant had made no payments for the support of said child since November 1, 1939; that appellant was an able-bodied man capable of complying with the order of the court; and that he was operating a filling station and junk yard. The appellant filed a counter-affidavit showing that he was "able and willing under the circumstances to take the child of the plaintiff into his own home and will treat said child with the kindness of a father . . . and will educate said child and raise said child in true Christian atmosphere and in proper environment."

This counter-affidavit was filed on December 19, 1941, and at that time the court continued the hearing on the contempt proceedings to December 22, 1941, on which date the hearing was resumed. The court then found

the defendant in contempt of court for failure to comply with the order to pay support money for said child, but withheld judgment until January 21, 1942. On January 23, 1942, the parties appeared in court and showing was made that the appellant had paid only $8.00 since the last hearing. The cause was then continued until February 20, 1942, on which date the hearing was resumed, and the appellant tendered in court the sum of $20.00 for the use and benefit of appellee and said child. The hearing was then continued to March 13, 1942, when it was again continued to April 1, 1942.

In support of the assignment of error that the evidence was insufficient to sustain the finding of the court, the appellant has submitted a bill of exceptions containing a transcript of the evidence introduced on the hearing on the ruling to show cause on February 20, 1942, and further evidence which was heard on April 1, 1942. The bill of exceptions does not contain any evidence heard on December 22, 1941, when the hearing on the rule to show cause was resumed and the court found that the appellant was guilty of contempt, for failure to comply with the order to pay support for said minor child. Nor does the bill of exceptions contain any evidence heard on December 19, 1941, January 23, 1942, or March 13, 1942. On December 22, 1941, the trial court had heard what it deemed to be sufficient evidence to support the finding, then made, that the appellant was guilty of contempt in not complying with the order to pay support for his child. The various continuances and subsequent hearings were apparently an attempt on the part of the court to have the appellant pay up the arrearages and thus avoid his commitment to jail. We cannot say the evidence was insufficient to support the finding when the only evidence before us is evidence heard on two of these subsequent

hearings. To consider the question of the sufficiency of the evidence all of the evidence considered by the trial court must be before us.

Appellant's second contention is that the trial court erred in overruling the motion to modify the judgment. This motion was based on the statute (§ 3-906, Burns' 1933, § 883, Baldwin's 1934), which provides that no imprisonment for contempts of court under that act should extend beyond the term of three months. This court has held, however, that that statute applies only to criminal contempt. *Denny* v. *State ex inf Brady* (1932), 203 Ind. 682, 182 N. E. 313; *Hays* v. *Hays* (1939), 216 Ind. 62, 22 N. E. (2d) 971. In this case, as in any case of civil contempt, the appellant could have terminated his commitment at any time by complying with the order of the court. The order of commitment is not punitive, but coercive. *Hays* v. *Hays, supra.*

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 50 N. E. (2d) 914.