COTTONGIM ET AL. *v.* CONGLETON ET AL.

[No. 30,448. Filed June 11, 1964.]

388

*Basil H. Lorch, Jr.,* and *Lorch & Lorch,* of New Albany, for appellants.

*Chester R. Hobbs,* of Salem, for appellees.

MYERS, J.—This is an action brought by appellants for and on behalf of themselves and all other citizens, residents and taxpayers of Franklin Township, Washington County, similarly situated, against appellees as appointed members of the East Washington School Corporation of Washington County, Indiana (hereinafter called the School Corporation). It is claimed, in substance, that the School Corporation, established pursuant to certain Acts of the 1959 General Assembly, as amended in 1961, does not conform to the statutes, and that the statutes in themselves are unconstitutional. This latter charge gives this court jurisdiction to determine the appeal. Burns' Ind. Stat., §4-214, 1946 Replacement (Supp.).

The complaint, filed December 29, 1961, alleged, in general, that the School Corporation was organized pursuant to "The School Corporation Reorganization

Act of 1959," as amended in 1961 (Burns' Ind. Stat., §28-6101 *et seq.*, 1948 Replacement [Supp.] ; that the Act requires each community school corporation to be as nearly as practicable a natural, social and economical community; that adequate data was not furnished under the reorganization plan as is required by statute; that students of high school age living in Franklin Township would have to travel an excessive distance to and from school. The complaint then charged that the law itself violated certain sections of the Indiana State Constitution and the Fourteenth Amendment to the Constitution of the United States. Appellants state that irreparable damage and injury would result to them if appellees performed the acts required by the statutes. They asked that this court declare the statutes void as being illegal and unconstitutional. They further asked for injunctive relief.

A restraining order was issued by the Judge of the Washington Circuit Court, restraining appellees from acting in their capacity as members of the School Corporation and from doing or performing any act pertaining to the reorganization plan of the Washington County School System until further order of the court.

, Appellees filed a plea in abatement wherein they alleged, *inter alia,* that the basis for appellants' complaint was the unconstitutionality of the statutes under which the School Corporation was created; that the School Corporation had been formed by way of an election held on November 7, 1961, and, pursuant to law, appellees were appointed as interim board members (§28-6118, Burns' Ind. Stat., 1948 Replacement [Supp.] ; that section 7 (2) of the 1959 Act (§28-6118, Burns', *supra*) contains an express prohibition against bringing the action to enjoin the operation of any community school corporation on the ground it was not

validly formed or existing, unless such action is instituted before the thirtieth day following the election; that the court had no jurisdiction to entertain this action because of the passage of time, the complaint having been filed more than thirty days after the election.

This plea in abatement was overruled, and appellees filed their answer in six paragraphs, most of which were based upon the same allegations as contained in the plea in abatement. Appellants replied in general denial pursuant to Supreme Court Rule 1-3.

Trial was had by the court without the intervention of a jury. Judgment was entered upon special findings of fact and conclusions of law. The findings were to the effect that under the 1959 School Reorganization law, a. County Committee for Reorganization had been set up which prepared a comprehensive reorganization plan for the schools of Washington County; that a revision had been adopted and approved by the Committee which provided for a school district to be called "East Washington School Corporation"; that the plan and revision had been submitted to the voters of Washington County at the election held on November 7, 1961, and was approved by a majority of the voters; that no social or economic barriers existed between the township composing the School Corporation, except the usual and ordinary geographical barriers; that a new secondary school was contemplated because the present facilities were incapable of handling all the students of the School Corporation; that the cost of constructing this new school and its exact location were unknown at the time; that while some high school students of Franklin Township might have to travel a greater distance than that existing at the time, it would not be excessive; that county highways could be put in condition so that distances to be traveled by students might

be less than those existing; that transfer fees were being paid by Franklin Township for secondary school students who attend the City of Salem schools due to a lack of secondary schools in that township; that the construction of a new school would relieve the payment of such fees; that the cost of the new school to the taxpayers of Franklin Township could be compensated by the absence of requirement to pay transfer fees. The court then stated that the suit was brought more than thirty days after the election so that all questions, other than that the constitutionality of the Act itself, were not within the jurisdiction of the court, and then proceeded to firmly state that the Act did not violate provisions of the Indiana or United States Constitution.

The conclusions of law were that (1) the law was with appellees; (2) the Act was constitutional; and (3) appellants were not entitled to a permanent injunction. Judgment to this effect was entered, dissolving the restraining order.

Appellants filed their motion for new trial in which they urged that the decision was not sustained by sufficient evidence and was contrary to law, and that the court erred in its conclusions of law. The motion was overruled and this appeal followed. In their assignment of errors, the appellants stated that the court erred in overruling the motion for new trial.

Appellants did not argue the first ground contained in their motion for new trial, that the decision of the court is not sustained by sufficient evidence. This being a negative judgment, it may not be attacked on that ground. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Trial Practice, ch. 30, §1812, Comment 6, page 385. Appellants attempt to argue that the court was inconsistent in hearing and deciding the plea in abatement when the

complaint was filed more than thirty days after the election, and then stating in one of its findings of fact that the court had no jurisdiction except to decide the unconstitutionality of the statutes. We do not believe appellants consider this argument material to this appeal, nor does this court.

Appellants state in their brief what is the meat of this appeal as follows:

"It is the Appellants contention herein that the School Reorganization Act of the year 1959, as amended in 1961, in itself, is unconstitutional, and that the judgment of the lower court was contrary to law and further that the court erred in its three conclusions of law."

It is contended that the School Reorganization Act of 1959 as amended constitutes an unlawful delegation of legislative powers in that it violates Article 4, Section 1, of the Constitution of Indiana, which reads in part:

"The Legislative authority of the State shall be vested in the General Assembly, which shall consist of a Senate and a House of Representatives. . . ."

And that it violates Article 1, Section 25, of the State Constitution, which provides:

"No law shall be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution."

These sections, it is contended, mean that the taking effect of a statute cannot be made conditional, contingent or dependent upon the happening of an event beyond the provisions of the statute.

It is appellants' argument that the law creating the School Corporation is dependent upon whether or not the voters of the township approve it, and thus is de-

pendent and conditional upon the happening of an event beyond the provisions of the statute. Appellants cite *Johnson* v. *Board of Park Commissioners* (1930), 202 Ind. 282, 174 N. E. 91, and *McPherson* v. *State* (1910), 174 Ind. 60, 90 N. E. 610, as authority. In the latter case it is stated as follows (at page 71 of 174 Ind., at page 613 of 90 N. E.) :

"It is, however, unquestionably competent for the legislature to designate a part, or all, of the people of a political subdivision, or district, to make manifest, by signature or vote, a condition or contingency that may or may not call a law into exercise."

Appellants say that under the School Reorganization Act there is no such discretion left to the voters of the township as to whether or not the effect of this law shall be invoked. They argue that the Reorganization Plan or Act provides for the creation in each county of the state a County Committee which *shall* consist of the County Superintendent of Schools and eight members appointed by the Judge of the Circuit Court; that the Judge *shall* call into County Convention certain county officials for the purpose of reorganization; that this Committee *shall* complete the preparation of preliminary written plans for reorganization. Section 28-6105, Burns' Ind. Stat., 1948 Replacement (Supp.). It is claimed that the Act gives the voters no right to initiate processes by which it will function; that the voters have no right to say whether they want to avail themselves of this legislation, but only whether or not they wish to approve or disapprove a School Reorganization which already has been set up.

Appellants rely on the case of *Maize* v. *State* (1853), 4 Ind. 342, 348, 349, 350, in which it is stated:

"So that the taking effect of the act, or so much of it at least as provided for the issue of license—in other words, whether there should be any power to issue license—was made to depend on the vote of the people of each township. . . .

"Nor is it easy to see how, on principle, a public measure can be submitted, in the abstract, to a popular vote, consistently with the representative system. . . . If one enactment may be submitted to such vote so may another, so might all: thus would the representative system be wholly subverted.

"If the people desire to resume directly the lawmaking power which they have delegated to the general assembly, they have only to change the constitution accordingly."

The net result of appellants' contention is that the Legislature cannot under the School Reorganization Act of 1959 delegate the creation of the East Washington School Corporation of Washington County, Indiana, to any one, and particularly to the people of the county by referendum; that such a corporation must be created specifically by an act of the Legislature, and that this Act fails to do so.

However, we find no unlawful delegation of legislative power with reference to the administration of school systems under this Act. The Legislature has the right and power to determine how the educational system of the state shall be administered and carried out. The method is entirely up to the Legislature as to organization and administration. *Fruit* v. *Metropolitan School District, etc.* (1961), 241 Ind. 621, 172 N. E. 2d 864. It has a choice of methods, with wide discretion, and may change its plans as often as is necessary and expedient. It is not for the courts to challenge them unless there is a clear abuse of discretion.

The fact that the School Reorganization Act of 1959 was in full force and effect and set up machinery for its operation, subject to the vote of the residents of the area involved, does not violate Article 1, Section 25, of the Constitution of Indiana. *Martin* v. *Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 153 N. E. 2d 125; *Hollingsworth* v. *State Board of Barber Examiners* (1940), 217 Ind. 373, 28 N. E. 2d 64; *Johnson* v. *Board of Park Commissioners, supra; McPherson* v. *State, supra.*

Appellants charge that the Act violates Article 4, Section 19, of the Indiana Constitution, which requires that every act shall embrace but one subject and all matters properly connected therewith, which subject shall be expressed in the title.

The title of the 1959 Act reads as follows:

"AN ACT to declare the policy of the state with regard to the reorganization of school corporations in order to establish and maintain a more uniform and thorough system of public schools; to prescribe the procedure by which reorganization of school corporations may be achieved; to provide for a State Reorganization Commission and for a County Reorganization Committee in each county in the state; to describe the powers and duties of such commission and committees; to set forth the responsibilities of existing state, county, and school corporation officers with respect to reorganization of school corporations; to guarantee to the electors of each school corporation the opportunity of participation in proposed reorganization plans; to provide for appeals from decisions of officers entrusted with authority under the provisions of this act; to define the administration of reorganized school corporations; to provide appropriations for carrying out the provisions of this act; and to supplement existing laws with the provisions of this act." Acts 1959, Chapter 202, page 451.

It is urged that nothing in the title provides for newly-organized school corporations to have authority to assume the assets and liabilities of existing school corporations which they are succeeding.

The title of the 1961 amendment included verbatim the 1959 title, but added the following:

" . . . and by adding new and additional sections thereto to be numbered sections 18, 19 and 20 authorizing reorganization school corporations and civil townships, in connection with such reorganizations of school corporations, to make payments to civil units of government which have issued bonds for school purposes." Acts 1961, Chapter 322, page 951.

In *Martin* v. *Ben Davis Conservancy Dist., supra,* it is said (at page 514 of 238 Ind., at page 131 of 153 N. E. 2d):

"The usual test applied in such a case is whether or not the title of the Act is misleading or fails to give fair notice of its contents."

The title of the 1961 Act supplemented the 1959 Act and did not revise the title or the subject-matter embraced therein. It gives fair notice of the creation and establishment of a new system of public schools. The transfer of powers, duties, property, property rights, liabilities and contracts is a necessary and inherent part of the procedure by which such organization may take place. *Mogilner* v. *Metropolitan Plan Comm., etc. et al.* (1957), 236 Ind. 298, 140 N. E. 2d 220. We do not find the title of this Act to be in violation of the Constitution.

Appellants argue that Article 10, Section 1, of the Indiana Constitution, has been violated in that Franklin Township, a component part of the School Reorganization Plan, will be taxed for its portion of a prior

debt of another component part of the School Reorganization; that Franklin Township had no school debt for the year preceding consolidation; that the taxpayers of Franklin Township had no notice of the creation of the obligation, no right to protest, nor did they have any right of representation at hearings on the indebtedness of other townships.

Here, the people of Franklin Township are as much concerned and benefited by the schools maintained by the East Washington School Corporation as are the people in the corporation outside of Franklin Township. So the tax may be levied against the residents of Franklin Township for the benefits to be received under this School Reorganization Plan.

In *Follett* v. *Sheldon, Treas.* (1924), 195 Ind. 510, 536, 537, 144 N. E. 867, 876, this court said:

> "As said by Judge Cooley in his work on Taxation, p. 153, 'The nature of the tax will determine the district'; so it has been held in this state that the question as to whether a tax levied by township officers shall be borne by the part of the township within a town as well as by that outside is determined by whether the tax is levied for the entire township, or whether it is only for purposes that concern the part of the township lying without the incorporated town. . . . The people within the town of Fremont are as much concerned in, and benefited by, the schools maintained by Fremont township, since the abandonment of the town schools, as are the people outside of such town. Therefore, it was the duty of the trustee to levy a tax upon all the taxable property of said township, including the part within said town, to discharge the bonds in question, and, in estimating the taxable property of the township, the same rule applies."

Appellants state that the Act violates Article 1, Section 24, of the Indiana Constitution, which reads as follows:

"No ex post facto law, or law impairing the obligation of contracts, shall ever be passed."

They claim the statute permits the impairment of an obligation of contract in that it forces on appellants the contractual obligations previously executed by the trustees of other townships when appellants had no voice in the formation of the contract and would have no right in the enforcement of the contract after the consolidation and creation of a new school corporation, since they were not parties to the contract. 5 West's Ind. Law Ency., Constitutional Law, Ch. 7, §122, page 390, and Amer. Jur., Constitutional Law, Vol. 12, §391, page 20, are cited as authority.

No part of the statute is set forth by appellants which allegedly operates to impair the contractual obligations of appellants. This point could be considered as waived. Supreme Court Rule 2-17·(e). However, the facts of the case show that the only contract of which the appellants speak is the debt which the other component schools had incurred prior to the formation of the new community School Corporation. Appellants admit they had no voice in the formation of this contract, nor could they have enforced it after the creation of the new School Corporation because they were not parties to the original contract. The general rule is that a person who seeks to have a statute declared void because it violates the obligation of a contract must affirmatively show that such statute impairs his contractual rights to his prejudice. *Currier et al.* v. *Elliott* (1895), 141 Ind. 394, 39 N. E. 554; *Walsh* v. *Soller* (1934), 207 Ind. 82, 190 N. E. 61, 191 N. E. 334.

Here, the contract in question was formed between the bondholders or creditors and the officials of the

other component school corporations in their representative capacity on behalf of the tax-payers. Appellants were not parties to this contract and have no contractual interest therein. They are only charged with their pro rata share of liability under that contract which we have seen is proper under the circumstances.

Judgment affirmed.

Achor, C. J., and Arterburn and Landis, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 199 N. E. 2d 96.