## WIGGINS v. ROSE.

[No. 20,347. Filed November 3, 1967. No petition for rehearing filed.]

*John R. Dollens,* of Scottsburg, and *Dixon Prentice,* of Jeffersonville, for appellant.

*Ronald R. Fifer* and *Fifer, Vogt and Hoodenpyl,* of Jeffersonville, for appellee.

COOPER, J.—This is an appeal from the Clark Circuit Court wherein the Appellee filed her complaint in one paragraph alleging that she sustained personal injuries growing out of an automobile collision caused by the Appellant. The cause was tried before a jury which returned a verdict in favor of the Appellee in the sum of Eight Thousand ($8,000.00) Dollars. After judgment on the verdict was entered, the Appellant filed a Motion for a New Trial which was overruled, and this appeal followed. The overruling of the Motion

for New Trial is the sole error assigned by the Appellant on appeal.

In reviewing the record now before us, it is apparent that the Appellant has failed to set forth in his Motion for New Trial any of the eight statutory causes for a new trial which are provided for by Burns' Indiana Statutes, Sec. 2-2401, 1946 Replacement, and Rule 2-6 of the Rules of the Supreme Court of Indiana.

The only specifications of error set out in the Appellant's Motion for a New Trial are as follows:

"I.

"The Court erred in admitting into evidence, over the objections of the Defendants, the following evidence of witness Hazel Rose, testifying for herself, to-wit:

and

"II.

"The Court erred in excluding the following evidence, offered by the Defendants, to-wit:"

These specifications of error are insufficient as causes for a motion for new trial since they do not set forth any of the causes permitted by the statute.

In order to have presented properly to the trial court and to this court the questions sought to be raised, the Appellant should have set forth the matters of which he complains under statutory cause number 8, the same being "Error of law occurring at the trial . . . ," Burns' Indiana Statutes, Sec. 2-2401. For forms, see West's Indiana Practice, Volume 2, Sec. 1780.

Since the Appellant failed to file a proper and sufficient motion for a new trial with the trial court, he presented nothing to the trial court for its consideration and therefore the trial court did not err in overruling said motion.

The judgment of the trial court is affirmed.

Carson, P.J., and Faulconer, J., concur.

Prime, J., Not participating.

NOTE.—Reported in 230 N. E. 2d 636.