KILANDER *v.* KILANDER.

[No. 31,057. Filed February 13, 1968.]

*Bangs & Byron,* of Huntington, for appellant.

*R. D. Reading,* of Wabash, for appellee.

LEWIS, C. J.—This is an appeal brought by the appellant from a judgment finding her guilty of contempt of court and providing that she be confined in a jail for a period of four (4) hours. Appellant is the mother of two (2) children. She and the appellee had been married, but are now divorced. As a result of this divorce, the appellee was granted visitation rights in order that he might see his children each Sunday from 2:00 P.M. to 5:00 P.M.

On June 12, 1966, the appellee went to visit his children and they, as well as their mother, were not at home. On June 19, 1966, their mother refused to admit the appellee; however, appellant has complied with the order allowing visitation of the children since June 19, 1966.

As a result of his inability to visit his children, appellee

filed an affidavit for citation against the plaintiff for contempt in the cause entitled: *Janice Kilander* v. *George Kilander.*

This case would have posed the very interesting problem as to whether or not the judgment sounds in civil contempt and, if so, the question of whether or not the court had authority to sentence the appellant for a definite period of time. We conclude, however, that appellant has not presented any valid assignment of error.

The two (2) purported assignments of error are:

1. That the Trial Court erred in overruling her motion for a new trial which was entitled "Complaint for New Trial".
2. That the Trial Court erred in overruling her "Motion to Correct Judgment".

The purported "Motion for New Trial" reads as follows:

"1. That on the 21st day of June, 1966, the above plaintiff brought a petition for citation of contempt against the defendant in this Court under Cause Number C-64-22, which cause was tried before Judge Pro-Tem J. W. Daggett, Wabash Circuit Court, at the April Term of Wabash Circuit Court on the 12th day of July at 3:00 p.m.

2. That defendant in the above trial moves the court for new trial thereof for the following reasons, to-wit:

   a. The Court in the above matter erred in sentencing the defendant, Janice Kilander, to four (4) hours imprisonment from 8:00 a.m. to 12:00 a.m. on the 16th day of July, 1966.

The imposition of a sentence of imprisonment, however slight, cannot be imposed in a civil contempt action as a punitive measure. Burns' Anno. Stat. 3-906; *Walter* v. *Jarvie*, 221 Ind. 671, 50 N. E. 2d 914 (1943), *Denny* v. *State, e xinf. Brady,* 203 Ind. 682, 182 N. E. 313.

Imprisonment in a civil contempt can only be imposed as a means to *coerce* the defendant into obeying the order of the court. *Walter, supra.* In the instant case the defendant by evidence brought before the court and admitted to by plaintiff, manifested that she has willingly obeyed the mandate of the court since the filing of plaintiff's petition, in

particular, that the plaintiff be allowed visitation rights on Sundays from 2:00 p.m. to 5:00 p.m. The petition by plaintiff was entered of record on June 21, 1966, on the basis that the defendant denied the plaintiff visitation rights on June 12, 1966 and June 19, 1966; on those Sundays following entry of this petition the defendant has fully complied with the order of the court in this matter and will continue to fully comply. As a result, the sentence imposed against her on July 12, 1966, was not coercive, i.e. to force defendant to comply with the order, but punitive.

The above error in law was excepted to by the defendant.

WHEREFORE, the defendant prays the court for a new trial on the above entitled contempt matter."

Burns' Indiana Stat., Anno., (1946 Repl.), § 2-2401, is the guiding statute on this motion. It clearly enumerates the reasons for granting a new trial. Upon even a cursory examination, it is manifest that the motion in question does not enumerate one of the causes as listed in Burns', § 2-2401, *supra*. Supreme Court Rule 2-6 (1964) states, in part:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently. Amended June 28, 1960. Effective September 1, 1960, and shall apply only to cases filed on or after such effective date."

". . . It is settled law in this State 'that causes for a new trial should be assigned with clearness, certainty, precision and particularity,' and this rule has been strictly adhered to by this court. . . ." *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710. See also, *Grand Lodge of the Brotherhood of Railroad Trainmen* v. *Clark* (1920), 189 Ind. 373, 127 N. E. 280.

The motion for new trial is a statutory remedy, and being such there must be a strict adherence to the governing statute

in order for the motion to be effective. We conclude that the motion filed was not in sufficient form as to satisfy the requirements of Burns', § 2-2401, *supra*.

"Since the record does not show a proper motion for a new trial, any question sought to be raised by appellants' assignment of error . . . is waived and such assignment presents no question to this Court." *Gibson et al.* v. *Town of Danville et al.* (1960), 241 Ind. 157, 170 N. E. 2d 444.

Appellant's "Motion to Correct Judgment" is inadequate to present any question here for the reason that it does not meet the requirements of a motion to modify a judgment in that the appellant fails to clearly point out the mistake complained of and the manner in which the judgment should be corrected. *Jackson* v. *State of Indiana* (1953), 232 Ind. 453, 112 N. E. 2d 433, reads as follows:

". . . '. . . must specify wherein it should be corrected and modified, and the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected. . . .'" Quoting with authority from *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820.

We conclude, therefore, that the appellant has not presented any valid assignment of error and the appeal herein is dismissed.

Arterburn, Hunter and Jackson, JJ., concur.

Mote, J., not participating.

NOTE.—Reported in 233 N. E. 2d 626.