SAILER v. WHIRLPOOL CORPORATION.

[No. 20,784. Filed April 21, 1969. Rehearing denied August 1, 1969.]

*Sidney L. Berger, John C. Cox,* of Evansville, for appellant.

*Fine, Hatfield, Sparrenberger & Fine,* of Evansville, for appellee.

COOPER, J.—This is an appeal from the Superior Court of Vanderburgh County wherein the plaintiff-appellant filed a complaint against the defendant-appellee seeking damages for personal injuries he allegedly sustained while painting a part of the defendant's plant. The jury returned a general verdict for the defendant and subsequently judgment was rendered thereon.

It appears from the record that the plaintiff's amended complaint averred, in substance, that the defendant Whirlpool Corporation had hired the Johnny Johnson Paint Co., to paint a structure on the roof of the appellee's plant; that the appellant herein, Kenneth Sailer, on October 10, 1961, while in the employ of the Johnny Johnson Paint Co., went to the appellee's plant to paint the structure on the appellee's roof pursuant to the agreement between the appellee herein and the appellant's employer; that while he was painting the structure, the plaintiff received a severe electric shock from high voltage electrical equipment on the roof of the defendant's plant, which caused the plaintiff to fall off the ladder on which he was working; and that the fall and shock caused him great pain, and severe, permanent injuries. The plaintiff further alleged that his injuries were proximately caused by the defendant's negligence, in that the defendant failed

to exercise ordinary care to keep its property in a reasonably safe condition co-extensive with the purpose and intent of the defendant's implied invitation. The plaintiff further alleged that as a result of the aforesaid negligence of the defendant, the plaintiff suffered personal injuries, endured pain and suffering, and incurred doctor bills, for which damages the plaintiff prayed for $65,000.00.

The defendant answered in two paragraphs. The first paragraph was in general denial, and the second paragraph averred in substance, that the plaintiff, in order to gain admittance to the defendant's plant had to sign a waiver of liability, and that because of the plaintiff having signed the waiver, that he had waived his cause of action. To this second paragraph of answer the plaintiff filed a reply, alleging that the waiver of liability was without consideration, was void as against public policy, was not intentionally executed, and that the plaintiff did not realize that he had waived his right to sue the defendant for negligence.

Trial was had to a jury which returned a general verdict for the defendant with judgment being rendered thereon.

Thereafter the appellant filed his motion for a new trial, averring, in substance, that the verdict of the jury was contrary to law, and twelve other independent causes for a new trial.

The single error assigned by the appellant in the assignment of errors is the trial court's overruling of the motion for a new trial.

The appellant has waived the first charged error in the motion for a new trial by failing to set forth in the argument portion of his brief a cogent argument together with the application of authorities to show in what manner the appellant was substantially prejudiced. Under Rule 2-17 of the Rules of the Supreme Court, the contentions of error must be supported by both reason and au-

thority. If no authorities are cited in support of the contentions of error, the question is waived. See Wiltrout, Indiana Practice, Sec. 2678, and authorities cited therein.

This brings us to the twelve independent specifications of error contained in the appellant's motion for a new trial. C. J. Lewis, in the recent case of *Kilander v. Kilander* (1968), 249 Ind. 589, 233 N. E. 2d 626, at page 627, in speaking for the Court stated:

> *"The motion for new trial is a statutory remedy, and being such there must be a strict adherence to the governing statute in order for the motion to be effective.* We conclude that the motion filed was not in sufficient form as to satisfy the requirements of Burns' Sec. 2-2401, *supra."* (Our emphasis.)

Under the foregoing authority, and in reviewing such statutory causes as set forth in Burns' Sec. 2-2401, we are of the opinion that causes numbered 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 of the appellant's motion for new trial, each of which alleged error in the Court's giving or refusing to give to the jury a certain instruction cannot be assigned as errors in the motion for new trial independent of cause number 8 of Burns' Sec. 2-2401, but rather must be assigned under a specification of "Error of law occurring at trial".

Therefore, the above numbered causes present no question either to the trial court, or to this court on appeal, since the statute does not recognize such specifications as causes for a new trial. *Wiggins v. Rose* (1967), 141 Ind. App. 569, 230 N. E. 2d 636.

Our Supreme Court in the case of *Kilander v. Kilander, supra,* further stated:

> "Burns' Indiana Stat. Anno. (1946 Repl.) Sec. 2-2401, is the guiding statute on this motion. It clearly enumerates the reasons for granting a new trial."

And also, at page 627, the Court further stated

". . . It is settled law in this state 'that causes for a new trial should be assigned with clearness, certainty, precision, and particularity', . . . *Conrad v. Hansen* (1908), 171 Ind. 43, 85 N. E. 710. See also *Grand Lodge of Brotherhood of Railroad Trainmen v. Clark* (1920), 189 Ind. 373, 127 N. E. 280, 18 A. L. R. 1190."

Since the record now before us does not show, in our opinion, a proper motion for a new trial, relating to the twelve foregoing specifications of error, any question sought to be raised thereby in the trial court and in this Court on appeal is waived, since such independent assignments present no question to this court for our consideration. See: *Kilander v. Kilander, supra; Wiggins v. Rose, supra; Gibson et al. v. Town oof Danville* (1960), 241 Ind. 157, 170 N. E. 2d 444.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs v. Appellant.

Lowdermilk, P.J., Carson and Sullivan, J.J., concur.

NOTE.—Reported in 246 N. E. 2d 493.