LUCILLE LACEY *v.* DAISY MORGAN.

[No. 172A17. Filed May 10, 1972.]

*George S. Koons,* of Muncie, for appellant.

*Greer Williams,* of Muncie, for appellee.

SULLIVAN, J.—This appeal arises from a judgment of dismissal pursuant to *Indiana Rules of Procedure,* Rule TR. 12 (B) (6).

In her complaint filed May 5, 1971, appellant alleges that defendant-appellee entered into an oral contract for the sale of real estate whereby appellee agreed to convey to appellant for a purchase price of $300.00, and that thereafter she agreed to pay appellee an additional $100.00 without any further consideration for so doing. Appellant also contends in her complaint that she has paid appellee $350.00, and therefore is entitled to have said real estate conveyed to her. The complaint further asserts that appellant asked appellee for a written contract describing the real estate but that appellee refused to honor such request. Based upon these allegations, appellant demanded judgment in the amount of $441.00, representing the $350.00 earlier paid, together with $91.00 interest

at 6% per annum from January 1, 1967. Attached to the complaint, and made a part thereof, are copies of ten receipts indicating payment from appellant to appellee in the amount of $350.00.

In accordance with appellant's prayer, a restraining order was issued to preclude appellee from disposing of the real estate in question pending a hearing for a temporary injunction originally set for May 14, 1971, but which was continued until further order by the court.

On July 26, 1971 appellee filed her motion to dismiss for appellant's failure to state a claim upon which relief could be granted. The motion was founded upon the Statute of Frauds. Appellant followed with purported paragraphs two and three of her complaint which realleged her right to have the real estate conveyed to her or in lieu thereof, a judgment for monetary refund in alternative amounts of $350.00 or $441.00.

In opposition to appellee's motion to dismiss, appellant filed a trial brief arguing essentially that the copies of receipts attached to her complaint constitute sufficient written memoranda between the parties to establish an exception to the Statute of Frauds, IC 1971, 32-3-1-1, Ind. Ann. Stat. § 33-101 (Burns 1969), which insofar as pertinent reads:

> "When contracts must be in writing.—No action shall be brought in any of the following cases:
>
>       *   *   *
>
> "Fourth. Upon any contract for the sale of lands.
>
>       *   *   *
>
> "Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three (3) years."

On October 15, 1971, the trial court sustained appellee's motion to dismiss. Such ruling was based upon the conclusion

that the receipts filed with the complaint were insufficient memoranda to qualify the contract as an exception to the Statute of Frauds, inasmuch as seven of the receipts said nothing about the real estate, and that although three of the receipts were memorialized on their faces to the effect that payment was made for certain described real estate, nothing appears as to a rate of interest or balance due upon a purchase price. Appellant in turn timely filed her motion to correct errors which was overruled.

Upon reading appellant's complaint, one gleans therefrom the anomolous posture of the instant lawsuit. An alleged oral contract to sell real estate for $300.00 was later orally modified. The modification called for an additional $100.00 consideration making the total selling price $400.00. Thereafter, $350.00 was paid, ostensibly on account. By her complaint appellant sought the conveyance to her for a total consideration $50.00 less than the stated purchase price, or, in the alternative, that she be awarded $350.00 in damages together with interests and costs. The complaint when taken in conjunction with appellant's brief, leads us to observe that the more she tells us, the less we understand.

Be that as it may, this court has stated with respect to ruling a motion to dismiss under Rule TR. 12(B)(6) that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 273, N. E. 2d 767, quoting from *Conley* v. *Gibson* (1957), 355 U.S. 41, 78 S. Ct. 99. In *Gladis, supra,* the unanimous court also enunciated the rule that "where the complaint shows the plaintiff may be entitled to some relief, the complaint is not to be dismissed even though he is not entitled to the particular relief for which he has asked in his demand for judgment."

Despite the trial judge's determination that as a matter of law the exhibits attached to the complaint did not consti-

122

tute memoranda sufficient to withstand the attack of the statute of frauds, appellant's complaint nevertheless should not have been dismissed. More particularly, although the Statute of Frauds renders unenforcable an oral contract for the sale of land, a seller may not hide behind the statute solely to preclude a purchaser from recovering the portion of the purchase price paid by the latter. *Hilker* v. *Curdes* (1922), 77 Ind. App. 466, 133 N. E. 851.

We do not, nor can we assess the possible or probable utimate disposition of this case. A wholly equitable theory of recovery may or may not exist here; and of course the propriety of any such recovery depends upon appellant's ability to carry her evidentiary burden.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

White, P.J., and Buchanan, J., concur.

NOTE.—Reported in 282 N. E. 2d 344.