288 N.E.2d 565 (1972)
Anthony OSTRIC, Plaintiff-Appellant,
v.
ST. MARY's COLLEGE, Represented by John J. McGrath, President, et al., Defendants-Appellees.
No. 172A18.
Court of Appeals of Indiana, Third District.
November 2, 1972.
Anthony Ostric, pro se.
James H. Pankow, John R. Obenchain, South Bend, for appellees.
HOFFMAN, Chief Judge.
This appeal arises from the dismissal by the trial court of plaintiff-appellant's complaint pursuant to Rule TR. 12(B)(6), Indiana Rules of Procedure, IC 1971, 34-5-1-1.
On June 8, 1971, the trial court sustained the motion of defendants-appellees to dismiss as to Counts I and II of the complaint. On July 27, 1971, with no amended complaint having been filed in the interim, the trial court dismissed the cause and entered judgment for the defendants.
*566 On September 2, 1971, the plaintiff filed his "Notice for Motion to Correct Errors and Request to Summon St. Mary's College Et Al to Provide Its File Related to the Plaintiff and to Summon Witnesses for Plaintiff to Provide Their Testimonies or Depositions" which, in substance, purports to serve as a motion to correct errors. Such motion fails in that it does not comply in the slightest with Rule TR. 59(B) and (G), Indiana Rules of Procedure.
Rule TR. 59(B), supra, provides:
"(B) Form of motion. A motion to correct error shall state the issues upon which error is claimed, but the issues are not required to be stated under or in the language of the reasons allowed by these rules, by statute or by other law. The statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based."
Rule TR. 59(G), supra, provides:
"(G) Motion to correct error a condition to appeal. In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution."
In the instant case the "Notice for Motion to Correct Errors * * *" did not specify any error related to the dismissal of plaintiff's complaint under Rule TR. 12(B)(6), supra. The "Notice for Motion to Correct Errors * * *" alleged generally, inter alia, that plaintiff is "not satisfied" with the decision and order of the trial court; that he "considers himself as having many reasons for his complaint"; and "[i]t is this Plaintiff's humble opinion that the Honorable Court did not serve either Justice or Equity by its proceeding * * *"; and the "Plaintiff * * * is very anxious * * * to present more adequately his complaint with new and substantial evidences * * *." No specific error was claimed nor were reasons given as to why the plaintiff believed the dismissal pursuant to Rule TR. 12(B)(6), supra, was improper. Therefore, nothing has been preserved for this court's review.
Furthermore, the argument section of appellant's brief sets forth arguments concerning why he believes he has a cause of action in general, but furnishes neither argument nor supporting authorities as to why the complaint was legally sufficient or why the judgment should be set aside. Plaintiff has, therefore, presented no argument regarding the issue for review.
For the foregoing reasons the motion to dismiss or affirm filed by appellees herein must be sustained.
Appellees' motion to dismiss is sustained and this cause is dismissed.
STATON, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge (dissenting).
We must here again determine whether or not a complaint is sufficient to survive a motion to dismiss under Trial Rule 12(B)(6), whether a motion to correct errors complies with Trial Rule 59(B) and (G) and whether or not the contents of Appellant's brief are sufficient to comply with AP Rule 8.3 as against a motion to dismiss this appeal.
*567 We are dealing in this case with a layman who is attempting to pursue an appeal without the benefit of a member of the legal profession. Certainly those of us trained in and deeply attached to our profession must question the good sense of anyone who makes such an attempt. However, our scepticism regarding the good sense of the Appellant should not prevent us from making an evenhanded and consistent application of the rules here in question as we have announced them in recent previous decisions. Since the Appellant's briefs in this case were prepared using form and language that we are not normally accustomed to, it is not easy to sort out the merits of this case. However, it is our fundamental obligation to do justice, even to those who choose to represent themselves, and we must constantly remind ourselves that all courts, including this one, exist solely for such public purpose.
The Appellant has filed an amended complaint in two legal paragraphs, Count I which generally purports to assert a breach of an employment contract and Count II which purports to assert a claim for defamation of character and asks for punitive damages. There are numerous exhibits attached to the amended complaint in the trial court.
On the 15th of April, 1971 the defendants filed a motion to dismiss Count I of the amended complaint under Rule 12(B)(6) and under Count II for failure to state a claim upon which relief can be granted. On July 27, 1971 the trial court dismissed as to both Counts. Pursuant to the request of the Appellant the Appellant filed what he denominated "Notice For Motion To Correct Errors And Request To Summon St. Mary's College Et Al To Provide Its File Related To Plaintiff And To Summon Witnesses For The Plaintiff To Provide Their Testimonies Or Depositions". Although the bases of this motion is somewhat garbled and intermingled I believe it is sufficient to survive the requirements of Trial Rule 59(B) and (G).
This writer's views on the proper interpretation of Trial Rule 12(B)(6) have previously been stated in Theis v. Heuer, Ind. App., 270 N.E.2d 764; Ind., 280 N.E.2d 300 (1971), and in Gladis v. Melloh, Ind. App., 273 N.E.2d 767. See also, Farm Bureau Ins. Co. v. Clinton, Ind. App., 269 N.E.2d 780 (1971), and Lacey v. Morgan, Ind. App., 282 N.E.2d 344 (1972).
This Appellant is entitled to the same liberal intendments which this court has uniformly announced in its interpretation of Rule 12(B)(6) and without belaboring the point it is this writer's opinion that a consistent application of the cases above cited lead to the conclusion that the trial court was in error in granting the motion to dismiss under Rule 12(B)(6).
This writer's views on the generally liberal intendment of the trial and appellate rules governing civil procedure which became effective in Indiana on January 1, 1970 have previously been set forth at length in Willsey v. Hartman, Ind. App., 269 N.E.2d 172 (1971), State Board of Tax Commissioners v. Associated Auto and Truck Rental, Ind. App., 268 N.E.2d 626 (1971) and Murphy v. Indiana Harbor Belt Railroad Co., Ind. App., 284 N.E.2d 84 (1972). These veins need not be restated here.
The comments of the Civil Code Study Commission in regard to Trial Rule 59(B) are very revealing of its intent and proper construction. These comments are as follows:
"In requiring the issues upon which error is based to be stated in the motion, this rule departs only in degree from prior Indiana practice which was aimed at informing the judge of the error relied upon. Hoosier Fence Co. v. Cohen, 6 Ind.Dec. 244 [137 Ind. App. 468], 210 N.E.2d 54 (Ind. App. 1965). The person seeking a new trial was required to specify how the matter was raised at the trial. Southport Board of Zoning Appeals v. Southside Ready Mix Concrete, Inc., 242 Ind. 133, 176 N.E.2d 112 *568 (1961); Van Sickle v. Kokomo Water Works Co., 239 Ind. 612, 158 N.E.2d 460 (1959) (error in admission of evidence must show question, objection and answer; and error in exclusion must show question, the offer to prove and the ruling); Adams v. Holmes, 48 Ind. 299 (1874) (error in giving or refusing instructions must point out and identify instructions given or refused). Where new evidence was relied upon, facts establishing diligence must be asserted. Chambers v. Boatright, 132 Ind. App. 378, 177 N.E.2d 600 (1961). Although error couched merely in statutory language was not usually sufficient, Scott v. Scott, 6 Ind.Dec. 94, 6 Ind.Dec. 197, 209 N.E.2d 49, 209 N.E.2d 518 (Ind. App. 1965), a long line of indefensible cases have required the assignment of errors be specified under the named statutory ground and have held that a specification under one statutory ground which should be included under another is fatal. E.g., Kilander v. Kilander, 13 Ind.Dec. 33, 233 N.E.2d 626 (Ind. 1968); Ferris Realty, Inc. v. ABCO Signs, Inc., 135 Ind. App. 679, 182 N.E.2d 456 (1962); Finster v. Wray, 131 Ind. App. 303, 164 N.E.2d 660 (1960). This absurb pitfall, created to obstruct use of the motion and avoid decisions upon the merits of a controversy upon appeal, are intended to be overruled by this subdivision. Probably the most absurd procedural trap to the inexperienced attorney was the requirement that an error subject to a motion for a new trial must technically be assigned on appeal as an error of the lower court in overruling the motion for a new trial and further that such motion was made for the proper statutory ground technically and specifically set forth. E.g., Deckard v. Indiana State School Bldg. Authority, 233 Ind. 138, 117 N.E.2d 367 (1954); Adkins v. State, 234 Ind. 81, 123 N.E.2d 891 (1955) (assignment that `finding and judgment' of the court was contrary to law and not sustained by sufficient evidence improper under statute requiring assignment to be that `verdict or decision' was improper  concurring opinion criticized rule). In addition, a distinction was drawn between an error that the verdict or `decision was contrary law' and that it was `not sustained by sufficient evidence." E.g., Cottongim v. Congleton, 3 Ind.Dec. 475 [245 Ind. 387], 199 N.E.2d 96 (Ind. 1964). If it was claimed that there was no reasonable evidence to support a negative decision or verdict, the proper assignment for a motion for a new trial was that it was `contrary to law.' Lengthy opinions often were written upon this dull and metaphysical subject. E.g., Farmers Mutuals [Mutual] Ins. Co. v. Wolfe, 13 Ind.Dec. 107, 233 N.E.2d 690 (Ind. App. 1968). These technical rules have been expressly repudiated by subdivision (b). The court should avoid rejection of a motion to correct error on any technical ground, and if the specification is not adequate should order the party to make a more specific challenge and produce any additional parts of the record of information which will aid the court in ascertaining his claim of error.... ." (My emphasis.)
I fear that the majority opinion in this case will be considered as a step backward in the ongoing effort to give a consistent liberal interpretation to the rules of trial and appellate procedure. In short, it is my view that the brief here is adequate, if only barely so, to inform this court of the action of the trial court and the contentions there of the Appellant. Further, the amended complaint in the trial court is adequate, if only barely so, to withstand a motion to dismiss under Trial Rule 12(B)(6). I would therefore reverse and remand for a consideration of the case on its merits by the trial court.