STATE EX REL. BOWERS, SECRETARY OF BOARD OF MEDICAL REGISTRATION AND EXAMINATION *v.* MOSER.

[No. 27,947.   Filed April 3, 1944.]

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Thomas L. Webber,* Deputy Attorney General, for appellant.

*McAdams & Lincoln,* of Fort Wayne, and *Nathan C. Nelson,* of Decatur, for appellee.

SWAIM, J.—This was an action under § 63-1311, Burns' 1933 (1943 Replacement), § 10712, Baldwin's

1934, to enjoin the appellee, Della Moser, from engaging in the practice of medicine in the State of Indiana until she should secure a license to so practice.

At the close of the plaintiff's evidence the defendant made a motion that a "directed verdict for the defendant be entered herein, for the reason that insufficient evidence has been shown to substantiate the material allegations in the plaintiff's complaint. . . ." The court sustained the motion and judgment was entered for the defendant. The correctness of this ruling is the only question presented by this appeal.

The right of the relator to maintain this action was not questioned by a demurrer.

The appellee insists that the evidence was insufficient to prove the material allegations contained in appellant's amended complaint.

The motion made by the appellee at the close of the appellant's case was in the nature of a demurrer to the evidence. Watson's Revision of Works Practice and Forms, Vol. II, § 1548, p. 214. As such it admits all facts of which there was any evidence and all reasonable inferences which could be drawn from the evidence. Watson's Revision, *supra*, § 1554, p. 217; 64 C. J., § 1023, p. 1211; *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25, 62 N. E. 1028.

There is no serious contention that there was not sufficient evidence to show that the appellee was at the time of the filing of the complaint, and had been for a number of years prior thereto, practicing medicine within the definition of said act. In fact there was evidence to show that the practice continued for a considerable period of time after this action was commenced.

The appellee insists, however, that there was no evidence that she did not have a license to practice medi-

cine. The testimony on that subject was given by the deputy clerk of the county in which the appellee was practicing. The deputy clerk testified that neither the documentary Physicians License Record nor the Physicians License Record, both of which were in the custody of said clerk's office, showed a license issued to the appellee. On being asked to examine the first of these two books the witness was asked whether or not it disclosed that a license to practice medicine was issued to the defendant, Della Moser. To the question the witness answered, "I have searched the record, and find there isn't a license on record for Della Moser." She was then asked, "There isn't a license of any kind issued?" and she answered, "No, there isn't."

The appellee now objects that the witness failed to testify that those were the "sole and only" records in the clerk's office of Adams County containing the registration of physicians' licenses; and that it was not shown what period of time the records covered. At the time the witness was being examined the appellee made no objection to the method of the examination of the witness and raised no question as to the records about which the witness was testifying. The evidence was sufficient to sustain a finding that at the time in question the appellee had not been licensed to practice medicine in Adams County, Indiana.

The appellee says that the appellant did not prove that the appellee engaged in the practice of medicine on the particular day alleged in the amended complaint. The complaint alleged "that the defendant on the 10th day of December, 1940, engaged, is now engaging, and for several years has been engaging in the practice of medicine in Adams County, Indiana. . . ." There was evidence of acts by appellee which constituted the practice of medicine.

These acts covered a period extending from a time approximately eleven years before the commencement of this action to a time about a year after the action was commenced. Although no such act was proved on the particular day, it could be reasonably inferred that appellee was continuously engaged in the practice of medicine during this entire period which included the particular day alleged. Proof of such acts of the appellee on that particular day was not necessary.

The appellee refers us to that provision of the statute in question which states that an action such as this may be maintained in accordance with the law of the State of Indiana governing injunctions, and insists that this provision of the statute required the appellant to allege and prove threatened or anticipated acts on the part of the appellee; and that from such acts the State of Indiana will suffer great and irreparable damages and injuries. With this contention we cannot agree. The same section of the statute also provides that in a complaint for injunction under said statute it shall be sufficient to charge that the appellee did upon a certain day and in a certain county engage in the practice of medicine without a license, "without averring any further or more particular facts concerning the same." This clearly indicates that it was not the intention of the Legislature to require the plaintiff in such an action to either allege or prove threatened continuance of the illegal practice or irreparable damage to the State. The reasons for the Legislature's dispensing with these two requirements would seem to be obvious. It could be assumed that the person who was willing to violate the statute by engaging in the practice of medicine without a license would continue to do so unless enjoined. By prohibiting the practice of medicine without a license

the Legislature recognized the danger involved in such practice and in effect found that such practice would be injurious to the. health and welfare of the people of the State. By providing for an action for an injunction in such a case the Legislature recognized the necessity of providing a method for promptly stopping such illegal practice whenever such practice is discovered.

The allegations in the amended complaint that the appellee had threatened and would continue such illegal practice and that the State would suffer great and irreparable damage and injury were unnecessary to the complaint and it was unnecessary to prove these allegations.

The trial court erred in sustaining the appellee's motion for a finding and decision in favor of the appellee at the close of appellant's evidence. The judgment is reversed and the cause is remanded for a new trial and further proceedings consistent with this opinion.

NOTE.—Reported in 53 N. E. (2d) 893.