FOSSMEYER *v.* SELF.

[No. 17,355. Filed April 26, 1945.]

*Lewis & Lewis*, of Vincennes, for appellant.

*Horace A. Foncannon*, of Vincennes, for appellee.

DRAPER, C. J.—The appellee brought this action against the appellant to recover damages for injuries to his automobile, caused by its collision with appellant's parked truck. Trial was by the court, resulting in a finding and judgment for appellee. Appellant's motion for new trial was overruled and this appeal perfected.

At the outset the appellee challenges the sufficiency of appellant's brief. However, we believe the brief exhibits a good faith effort to comply with the rules governing the preparation thereof, and we will consider it sufficient to present the question of the sufficiency of the evidence to show any negligence on the part of appellant.

The evidence most favorable to the appellee discloses appellant as the owner of a platform truck twenty-five feet long and seven and one-half feet wide, with stock rack and open top. About noon on November 9, 1940, he drove it to a garage on 13th Street in Terre Haute

to have a heater installed. He parked it in the street near the garage and left the ignition key in the switch. The ignition key also worked the lock on the cab of the truck. The heater was installed sometime after 3:00 P. M. and the mechanic parked it in the street within 50 or 60 feet of the garage, and diagonal to the curb so that the tail end extended well out into the street, and he also left the ignition key in the switch. The appellant returned to the garage about 6:00 P. M., paid the bill and left. Several hours later in the evening, which was dark, foggy and misting rain, the appellee, driving by at 10 to 15 miles per hour, failed to see the truck until it was too late to avoid it, and collided with the left rear corner of it. At that time the truck was entirely without lights. Immediately after the accident the cab on the truck was found to have been locked and the key gone. The appellee later found appellant in a pool room and informed him of the accident. The appellant advised him he knew there were no lights on the truck; that he had aimed to move it before dark but never got down there; that he had insurance and they would have to fix it. The appellant testified that about 4:00 o'clock in the afternoon he had left word with his brother's wife for his brother to get the truck where it was parked and take it home.

The appellant contends he did not park the truck in the street, did not authorize it to be so parked and did not know it was so parked. However, from the evidence it could well be found or inferred that he knew the truck was parked in the manner described, and with that knowledge he voluntarily left it so parked after dark without lights, when lights were required by the statute. See § 47-2214, Burns' 1940 Replacement. His violation of the statute constituted neg-

ligence *per se.* *Gerlot* v. *Swartz* (1937), 212 Ind. 292, 7 N. E. (2d) 960.

No other question being presented, the judgment is affirmed.

NOTE.—Reported in 60 N. E. (2d) 610.