HUMMEL *v.* NEW YORK CENTRAL RAILROAD COMPANY, ET AL.

[No. 17,487. Filed June 4, 1946. Rehearing Denied October 4, 1946.]

*Craig & Craig*, both of Brazil, and *Herbert R. Criss*, of Terre Haute, for appellant.

*Beasley, O'Brien & Beasley*, of Terre Haute, for appellees.

DRAPER, J.—The appellant brought this action against the appellees to recover for the alleged wrongful death of one Samuel U. Hummel. The appellant introduced her evidence and rested. The appellees thereupon rested without offering evidence. On their motion the court directed a verdict in favor of appellees (defendants) and the correctness of that ruling is challenged here.

The evidence discloses that at a point in Vigo County where the appellee company's double track railroad ran in a northeasterly and southwesterly direction, it was intersected by a public highway known as the Haythorne Road, which ran in an easterly and westerly direction. Trains using the easterly track travelled in a northeasterly direction and those using the westerly track travelled in a southwesterly direction. At about 11:35 A. M. on a day described by one witness as "gloomy" and by another as "clear," Hummel was driving an automobile westwardly on Haythorne Road approaching the tracks. When a freight train going northeast cleared the crossing, Hummel proceeded onto the tracks and was struck and instantly killed by a passenger train going southwest on the other track at about 75 miles per hour.

The appellant first asserts that the evidence was sufficient to show negligence on the part of the appellees in failing to whistle for the crossing.

The appellant first called the appellee Driggs, engineer of the train. He testified that the bell, which rings automatically, was ringing from the time he left Indianapolis, and that he properly whistled for the crossing.

The appellant then called one Mary Callecod, who had lived very near the crossing for thirty years. She testified she was in the room farthest from the track and heard a crash. She ran out and saw nothing but dust. A truck coming from the west on Haythorne Road pulled up, the driver jumped out, exclaimed "You can't say that train didn't whistle," and took off down the tracks toward the wreckage, the witness following him. She further testified she did not hear the whistle; she never heard the whistle; she had gotten accustomed to trains and never noticed them; she was accustomed to it and she never noticed this train whistle; it could have whistled; she did not mean to say it didn't whistle; it could have whistled because she just didn't notice them. The truck driver did not testify on behalf of the appellant.

In considering the question presented we may not weigh the testimony of one witness against the conflicting testimony of another, nor may we weigh conflicting portions of the testimony of the same witness. If the same witness makes contradictory assertions, we will not undertake to determine which of the assertions are true, that being a question for the jury. All facts which the evidence tends to prove and all inferences reasonably deducible therefrom must be accepted as true against the moving party. *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 37 N. E. (2d) 5; *Snider* v. *Truex* (1943), 222 Ind. 18, 51 N. E. (2d) 477.

Yet while we will not weigh it, the evidence that will support a finding must be substantial evidence. It

must be evidence which has probative value. *Hirst* v. *Chevrolet Muncie Division, etc.* (1941), 110 Ind. App. 22, 33 N. E. (2d) 773, 37 N. E. (2d) 3.

It is true that the testimony of one who was near a crossing and in a situation to have heard the whistle, that he did not hear it, is generally sufficient to support the inference that such a warning signal was not given. *Pennsylvania Co.* v. *Clark, Admr.* (1922), 191 Ind. 470, 133 N. E. 588. We are convinced, however, that the testimony of Mrs. Callecod was not sufficient to support that inference in this case.

Her negative testimony would have probative value if it could fairly be said that under all the circumstances she would have heard the whistle if it were blown, but such is not the case here. She testified she did not hear the whistle, it is true, but the inference that she did not hear it because it was not blown finds no support in the evidence in the light of her testimony that because she had become so accustomed to hearing trains whistle, she never noticed or heard them and would not have heard the whistle in any event. We are, therefore, of the opinion that, discounting entirely the testimony of the engineer and the statement of the truck driver, and viewing the testimony of Mrs. Callecod in the light most favorable to the appellant, a finding that the whistle was not blown could be the result only of speculation, surmise and conjecture.

The appellant relies upon *Pennsylvania Co.* v. *Clark, Admr., supra,* and *Grand Trunk, etc. R. Co.* v. *Reynolds* (1911), 175 Ind. 161, 92 N. E. 733, 93 N. E. 850. But neither of those cases depended solely upon evidence of the type here considered.

The appellant does not contend that the speed at which a train is run outside corporate limits is of itself sufficient to constitute negligence, but does assert that speed plus the conditions surrounding a crossing may be sufficient to do so, and that the evidence in this case was sufficient to go to the jury on that question. The rule sought to be invoked was recognized in *Pittsburgh, etc., R. Co.* v. *Nichols, Admr.* (1922), 78 Ind. App. 361; 130 N. E. 546.

The evidence discloses that a person three to four hundred feet from the crossing and approaching it from the east on Haythorne Road could see northeast up the track about three-quarters of a mile. Without detailing all of the evidence, it is sufficient to say that we find none in this record which would, in our opinion, justify the jury in finding that this crossing presented such a situation as that the speed at which the passenger train was being run was incompatible with appellant's duty to exercise reasonable care for the safety of travelers on the highway.

There having been no proof of negligence on the part of either of the appellees, the judgment is affirmed.

HAMILTON, C. J., not participating.

NOTE.—Reported in 66 N. E. (2d) 901.