### COLAS et al. v. GRZEGOREK et al.
### No. 10724.

United States Court of Appeals
Seventh Circuit.
Nov. 5, 1953.

Rehearing Denied Dec. 2, 1953.

Benjamin Piser, South Bend, Ind., M. Arnold Lyons, Robins, Davis & Lyons, Minneapolis, Minn., for appellants.

Milton A. Johnson, Bruce C. Hammerschmidt, Roland Obenchain, Jr., South Bend, Ind., for appellees.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an action to recover for personal injuries to the plaintiff Ernest P.

Colas and for damage to his tractor and trailer and the cargo contained therein, resulting from a collision with a tractor-trailer unit operated by the defendant Richard E. Waltz and owned by the defendant Cleveland and Chicago Motor Express Company. The defendant Joseph K. Grzegorek was the operator of a 1948 Studebaker automobile, owned by his wife who likewise is a defendant, which was also involved in the accident. Other plaintiffs are certain insurance companies who are interested in the action because of payments made on account of injuries to Colas and the damage to his vehicle and its cargo.

The jury returned a special verdict, upon which the court entered judgment for the defendants. From this judgment the plaintiffs appeal.

The mishap occurred on the night of February 21, 1950, about one and a half miles west of Elkhart, Indiana, on U. S. Highway 33. The highway, which runs in an easterly and westerly direction, was of concrete and at that time consisted of three lanes, each ten feet wide. Its surface was straight and level at the scene of the accident and for a material distance in each direction. A dirt shoulder extended to the north for three to seven feet, and then sloped gradually to a ditch. The south shoulder, which was covered with gravel, was 30 feet wide and level.

The shoulders were crusted with snow at the time of the accident, the highway was icy, and a freezing rain had begun to fall a short time before. The defendant Grzegorek, while driving west towards South Bend, had stopped to assist a woman whose car was in the ditch north of the highway with its headlights shining towards the east or southeast. In doing so, he drove onto the north shoulder, but because of its soft condition and to avoid sliding into the ditch, he left a portion of his automobile remaining on the pavement. It is not certain just how much of the north outside lane was obstructed by his car, but it is clear that the left wheels were on the cement and it appears from the testimony that from one to four feet of space on the pavement was occupied. Grzegorek testified that when he stopped all the lights were left on, and that although he did not know "on that night" how far to the rear the tail lights were visible, he thought one "should have been able to see them for at least a city block" or "about 450 feet, 500 maybe."

While the Grzegorek car was so parked, partly on the highway, the defendant Waltz, driving a tractor and trailer, approached the scene from the east traveling in the outside lane. The plaintiff Colas, driving in the southernmost lane, was approaching from the west. The center lane remained clear. Both vehicles were traveling at a moderate rate of speed.

Waltz saw the headlights of Colas' trailer, and also those of the automobile in the ditch north of the highway. The lights of the automobile in the ditch were very bright and were shining down the road towards him. He testified that he was not blinded by these lights but that he could not see the automobile behind the lights and that he could not see anything else in the vicinity of where the lights were except the lights of the Colas tractor coming down the highway. Waltz said that he did not see the Grzegorek car until he was within 10 or 15 feet of where it was parked. He then swerved to the left in an effort to avoid a collision, but his tractor struck the automobile on the left side. His vehicle then went out of control diagonally across the highway towards the south shoulder and into the path of the tractor and trailer driven by Colas.

As Colas approached from the west he observed the headlights of Waltz's tractor. He likewise had noticed the lights of the car in the ditch on the north, and he saw the Grzegorek car parked alongside. He reduced speed, intending to stop if it appeared that there had been an accident and that there was anything he could do. Colas was nearly upon the scene when Waltz's tractor struck the parked automobile and careened across the road directly into

his path. He had no opportunity to avoid a collision, and his tractor struck the right side of Waltz's tractor and trailer, resulting in the injuries and damage complained of.

■ The jury found that the defendant Waltz was not negligent in failing to maintain a proper lookout, in failing to have his tractor-trailer rig under control, nor in failing to avoid the collision with Grzegorek's car and causing the collision with Colas. The jury found that the defendant Grzegorek was not negligent in parking his vehicle on a portion of the roadway nor in failing to have his lights lighted. It was further found that the plaintiff Colas was not guilty of contributory negligence in any respect.

We are convinced after careful study that a new trial is necessary, principally because the jury answered inconsistently the questions submitted on the special verdict regarding the lookout maintained by Waltz and the lights on Grzegorek's car.

■ Parked as he was, Grzegorek was required by Indiana law to have on his car at the time of the collision at least one red tail lamp showing a red light plainly visible 500 feet from the rear. Burns' Indiana Stat.Ann. Secs. 47–2202, 2214 (1952 Repl.). The failure to exhibit such a light would constitute negligence per se. Gerlot v. Swartz, 212 Ind. 292, 7 N.E.2d 960; Fossmeyer v. Self, 115 Ind.App. 553, 60 N.E.2d 610, 611. And Waltz's failure to observe such a light in time to pass the Grzegorek car without mishap would, under the circumstances as disclosed by this record, constitute negligent lookout as a matter of law. Either a proper light was displayed, or it was not. And, therefore, either Grzegorek or Waltz necessarily was guilty of negligence proximately causing the accident.

Grzegorek testified positively that his lights were on at all times and that the tail lights on his car, which were designed, as required by law, to light automatically when the headlights were turned on, were visible to the rear for 450 or 500 feet. Colas likewise stated that the headlights of Grzegorek's car were on but he never saw the rear of the car and, therefore, knew nothing about the tail lights. The conflict in this respect arises from the testimony of Waltz. Acknowledging that there might have been lights on Grzegorek's car, he stated that he did not know whether there were or not, that at no time did he see any.

■ The testimony of Waltz, negative in form though it may have been, was sufficient, under the circumstances of this case, to raise an issue as to whether or not Grzegorek displayed the required red light on his car. And we cannot say whether in fact such a light was exhibited or not, for the probative value of this testimony was a matter solely within the province of the jury to determine.

In Grand Trunk Western Ry. Co. v. Reynolds, 175 Ind. 161, at page 170, 92 N.E. 733, at page 736, 93 N.E. 850, regarding the testimony of certain witnesses that they did not hear the defendant's train sound the required warning signals, although they were in a position to hear, as opposed to testimony of the train's crew that the signals were given, the court said:

"The force and effect of this evidence was a question to be determined by the jury. It might to some minds leave doubt as to whether the signals were omitted, but to others it might furnish conviction that they were not given, but, however that may be, that was a question solely for the jury, and we cannot determine for a jury what weight they should give to any evidence of a witness over the evidence of any other witness."

Thus, the Indiana court there held that negative testimony, so called, was sufficient to raise an issue of fact for resolution by the jury.

For such evidence to be given this consideration, "The only requirement is

that the witness should have been so situated that *in the ordinary course of events he would have heard* or seen the fact had it occurred." II Wigmore, Evidence, Sec. 664 (3d Ed. 1940). See Pennsylvania Co. v. Clark, 191 Ind. 470, 473, 133 N.E. 588; Hummell v. New York Central R. Co., 117 Ind.App. 22, 66 N.E.2d 901, 902. Thus, in Union Pacific R. Co. v. Burnham, 10 Cir., 124 F.2d 500, involving so called negative testimony with respect to railroad warning signals, the court stated the rule to be, 124 F.2d at page 502, "that the probative value of negative testimony depends upon the surrounding conditions, and that where the witness is so circumstanced that in all probability he would have heard the signal had it been given, the testimony that he did not hear the signal is sufficient to take the case to the jury." In Grand Trunk Western Ry. Co. v. Heatlie, 6 Cir., 48 F.2d 759, the question was whether lighted fusees had been placed along a railroad track, and evidence that they had been so placed was opposed by the testimony of one White that he did not see any. The court said, 48 F.2d at page 760:

"In the present cases White testified to facts which could have enabled him to see fusees if they had been placed on the track. This testimony, with his further testimony that he did not see them, raised an issue, in our opinion, as to whether they were put out."

See also Moss v. Pennsylvania R. Co., 7 Cir., 146 F.2d 673, 674, note 1; Phillips v. Kurn, 8 Cir., 145 F.2d 908, 910–911; Norfolk & Western Ry. Co. v. Collingsworth, 6 Cir., 52 F.2d 827; Kindt v. Reading Co., 352 Pa. 419, 43 A.2d 145, 162 A.L.R. 1.

There can be no doubt that under the circumstances in this case Waltz was in a position that, by exercising the required degree of care as to lookout ahead, he could and would have seen a red light properly exhibited on the back of Grzegorek's car. The highway was straight and level as he approached the scene, and although a freezing rain or mist was falling it does not appear that visibility was impaired to any great extent by the condition of the weather. Waltz testified that his defrosters and wipers were operating and that he was able to see ahead. He observed the lights of Colas' vehicle coming from the west and each driver switched his lights to low beam. He likewise saw the lights of the car in the ditch north of the highway, and although they were shining in his direction he said they did not blind him. He stated that as he continued towards the scene he was watching those lights, and the approaching outfit driven by Colas, "and watching things in general." There is nothing in the record to indicate that Waltz's attention was diverted from the general area of the roadway ahead, and no reason appears why he could not have seen the light which Grzegorek was required to display. We could not conclude otherwise without indulging in speculation and conjecture.

Whether in fact the required light was displayed, therefore, was an issue which the jury should have resolved. Under these circumstances the jury could not properly find that neither Grzegorek nor Waltz was guilty of negligence proximately causing the collision and the resulting loss complained of.

We think the jury may have been misled by the court's instruction that: "If you find that the sole proximate cause of the collision and any damage sustained by the plaintiffs was the icy condition of U. S. Highway 33, then your verdict would be for all defendants." There is no doubt that the highway was slippery with ice on the night of the accident, for reference frequently was made in the testimony to that fact. However, the record is devoid of any evidence that the icy condition of the highway was the proximate cause of the collision and resulting damage sustained by the plaintiffs. Colas, Grzegorek and Waltz all three testified that despite the ice on the highway they had no difficulty in keeping their vehicles under control. It simply does not appear that any of

the three vehicles involved skidded on the ice or otherwise became involved in the accident because of that condition. The fact that Grzegorek might not have stopped on the highway in the first place had he not sought to assist a woman whose car, supposedly, had spun off the slippery highway is irrelevant. In order for the accident to be solely attributable to the icy condition of the highway, it must be evident that the accident would in some manner have happened because of the ice even if Grzegorek or Waltz had not been negligent. Hart v. Wabash R. Co., 7 Cir., 177 F.2d 492; Hickey v. Missouri Pacific Railway Corp., 8 Cir., 8 F.2d 128, 130; Torts, Restatement, Sec. 432. That is obviously not the situation here.

Under the circumstances, this instruction could only mislead and confuse the jury and the giving of such an instruction was error. Insurance Co. v. Baring, 87 U.S. 159, 161–162, 22 L.Ed. 250; McCarthy v. Pennsylvania R. Co., 7 Cir., 156 F.2d 877, 881–882.

■■ We think also that the following instructions may well have confused the jury:

> "It is the duty of the driver of any motor vehicle while driving upon a public highway in this state to anticipate the presence of other vehicles upon the highway. The driver of a motor vehicle has no right to assume that the road is clear, but under all circumstances and at all times must be reasonably diligent in anticipating the presence of others to observe other vehicles lawfully upon said highway, and to act and to operate his motor vehicle in such a manner that he may avoid colliding with them and that he will exercise due care for their safety and rights; * * *.
>
> * * * * * *
>
> "The court instructs you that the defendant Waltz was not required to anticipate that an automobile would be stopped and parked on the paved portion of U. S. Highway No. 33 ahead of him as he travelled west

on the night of the collision; and, not being required to anticipate the presence of such parked automobile, if any you find, he cannot be held to be negligent for failure to foreguard against its presence there."

The second of these instructions is erroneous and contradictory of the first, the quoted portion of which is a correct statement of the law. The second does not say that Waltz was not required to anticipate the presence of an automobile parked on the highway in violation of the law, but simply that he was not required to anticipate that one would be parked there. It is, therefore, an incorrect statement in view of the Indiana law relating to parking on highways and to lights on parked vehicles. Although Waltz had the right to presume that no unlighted vehicle would be parked on the highway and could not be held negligent as a matter of law in striking such a hazard, Opple v. Ray, 208 Ind. 450, 195 N.E. 81, certainly he was required to anticipate a properly lighted car lawfully on the roadway ahead. However, the jury might have inferred from this instruction that he was not. It is true that the contrary inference may be gleaned from the instruction first quoted above and other portions of the charge regarding the lights which parked vehicles are required by law to display. But the giving of a correct instruction does not cure the error of giving a contradictory instruction which is erroneous. Cummings v. Pennsylvania R. Co., 2 Cir., 45 F.2d 152.

We do not express any opinion in this case as to whether it would have been "practicable," within the meaning of the Indiana statute, Burns' Indiana Stat. Ann., Sec. 47–2120 (1952 Repl.), for Grzegorek to park his car entirely off the traveled portion of the highway. See Eberhart v. Abshire, 7 Cir., 158 F. 2d 24. This question should be initially determined in the District Court.

The judgment is reversed and the cause is remanded to the District Court with instructions to grant a new trial.