CHRISTLIEB *v.* OVERMYER.

[No. 368A35. Filed November 20, 1969. Rehearing denied January 6, 1970. Transfer denied May 11, 1970.]

*J. Chester Allen, Allen & Allen,* of South Bend, for appellant.

*Frederick E. Rakestraw, Chipman, Chipman & Rakestraw,* of counsel, of Plymouth, for appellees.

HOFFMAN, Judge.—This appeal arose from the granting of a permanent injunction which enjoined appellant from entering onto certain real property in Marshall County, Indiana. The complaint for injunction alleged that title to the property was held by appellees.

In October of 1951, one Anton L. Pappas became the record owner of a 365-acre farm known as the Sligo Farm. He remained the record owner until his death in November of 1957. In January of 1955, the appellant and his family moved onto the farm. In April of 1955, appellant entered into an alleged oral agreement with Mr. Pappas for the purchase of the farm with a purchase price of $25,000. On August 21, 1957, Mr. Pappas gave the appellant a receipt which was alleged to be for payment in full for the farm. The "farm" referred to was not described, however. No deed was ever conveyed to appellant prior to the death of Mr. Pappas.

Following the death of Mr. Pappas, appellant filed in the Lake Superior Court a petition for conveyance to him of a deed for the farm from the administrator of the estate of Anton Pappas. The petition was filed in 1958 but a hearing was not scheduled on the petition until March of 1962. On the date set for hearing, the Judge called the parties into his chambers and proposed a compromise. The compromise suggested was for a conveyance of five acres and $2,300 to appellant. Appellant summarily rejected this proposal. No hearing was held. Shortly after this proceeding, the administrator of the estate and his counsel, as well as counsel for appellant, approached him at his home and, again, suggested a settlement of five acres and $2,300. Appellant accepted the compromise

contingent on his receipt of the deed and the cash within 30 days. The deed and the check were not forthcoming within the 30-day period.

In the meantime, in May of 1958, the administrator filed suit in ejectment against appellant, to which appellant, on July 3, 1958, filed a counterclaim alleging ownership and seeking to have title quieted in him.

On August 29, 1963, the administrator of the estate of Anton Pappas filed a petition with the Lake Superior Court, Probate Division, for approval to compromise disputes and litigations based on claims of the appellant. An order was entered on the same date approving the petition. Pursuant to the order, appellant's petition for conveyance filed in 1958 and his counterclaim filed in 1958, as well as the estate's suit for ejectment, were dismissed in October of 1963 by virtue of a motion to dismiss filed by the appellant's attorney. Appellant denies ever agreeing to or authorizing these dismissals.

In October of 1963 appellant received, through the mail, a deed for five acres on which was located his house, and a check for $1,300. He returned these to Mr. Stevens, his attorney. After 60 days appellant's wife retrieved both the check and the deed. She cashed the check and spent the money.

On July 11, 1963, the administrator of the Pappas estate conveyed the property, less the five acres on which the appellant's home was located, to appellees, by administrator's deed.

Appellees have been in possession and have paid taxes on the property from that time on.

In May of 1967, appellees filed their complaint to enjoin appellant from entering on the real estate here in question. This action was precipitated by appellant's alleged entry onto the subject property on several occasions for the purpose of plowing the ground.

Judgment was rendered on November 1, 1967, in favor of appellees on their complaint. Thereafter, appellant's motion for new trial, without memorandum as required by Rule

1-14B, Rules of the Supreme Court of Indiana, was overruled, and this appeal followed.

Appellant's motion for new trial, in pertinent part, reads as follows:

"The defendant in the above-entitled cause moves the court for a new trial herein on each of the following grounds:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law."

Appellant argues the following specifications of error based on his motion for new trial: 1) that the Lake Superior Court, Probate Division, had no authority or jurisdiction to compromise claims against real estate located in Marshall County; 2) that the appellees were not bona fide purchasers for value, without notice of claims against the subject real estate; 3) that appellees failed to discharge their burden of proof; and 4) that appellees failed to prove their ownership by a preponderance of evidence.

At the outset we wish to point out again that this is an appeal from the granting of a permanent injunction. It is *not* an appeal from a quiet title action.

In the recent case of *State ex rel. Dean, et al.* v. *Tipton Circuit Ct.*, 242 Ind. 642, 653, 181 N. E. 2d 230, 235-36 (1962), our Supreme Court held that in the exercise of its probate jurisdiction a court has the power to decide all questions related to the subject-matter over which it is empowered to act. In that case, the Supreme Court held that while the real estate in issue was in another county, the court with probate jurisdiction had the power to settle claims with respect to that property. Thus, there was no error in the action of the Lake Superior Court, Probate Division. It had properly acquired jurisdiction of the subject-matter and had properly exercised its power relative to the settlement. Therefore, Point One above presents no error.

The final three arguments of appellant—two, three and four above—raise essentially the same issue: Did appellees have title upon which the permanent injunction could properly rest?

It appears from the record before us that appellees did validly acquire title to the real property in question. The claims against the estate were dismissed, and the administrator of the estate conveyed title to appellees which was in due course recorded by them.

The issue raised by appellant relative to the alleged unauthorized dismissal of the claims against the estate has not been properly raised and is not a proper subject of this action.

There is currently pending before this court a motion to affirm filed by appellees based on appellant's failure to comply with Rule 1-14B, *supra*. Rule 1-14B, *supra,* was adopted by the Supreme Court on January 13, 1967, effective March 1, 1967, and requires that when the grounds for the motion are that the "verdict or decision is not sustained by sufficient evidence or is contrary to law," it must be accompanied by a memorandum stating the basis for such grounds. See: *Anderson* v. *Irwin,* 142 Ind. App. 302, 234 N. E. 2d 276, 277 (1968). The record before us discloses that judgment in this case was rendered on November 1, 1967. Thereafter, on November 30, 1967, appellant's motion for new trial was filed. There was no memorandum filed with the motion for new trial, as prescribed by Rule 1-14B, *supra*. Sometime later appellant attempted to late-file a memorandum. It has been held numerous times by this court and our Supreme Court that failure to comply with Rule 1-14B, *supra,* is a jurisdictional error,[1] and for that reason the judgment of the trial court must be affirmed.

Appellees' motion to affirm is sustained, and the judgment of the trial court is affirmed. Costs taxed against appellant.

[1] *Ruggirello* v. *State,* 252 Ind. 144, 246 N. E. 2d 481, 482 (1969); *Niemeyer* v. *Lee,* 144 Ind. App. 161, 245 N. E. 2d 178, 181 (1969).

Pfaff, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 257.