## SMITH v. RUSSELL

[No. 1068A166.    Filed December 16, 1969.]

*Joseph A. Thomas, Thomas, Huse & Thomas,* of Indianapolis, for appellant.

*James E. Rocap, Jr., Rocap, Rocap, Reese & Young,* of Indianapolis, for appellee.

WHITE, J.—This is an action brought by plaintiff-appellant for damages for personal injuries, allegedly the proximate result of defendant-appellee's negligence. The appellee was standing on the Whiteland Raceway Go-Kart Track near Whiteland, Johnson County, Indiana, when a go-kart being operated by appellant collided with appellee, severely injuring appellant. Appellant, a 14 year old boy, was driving the go-kart at a speed of approximately 15 to 18 miles per hour. No other go-karts were on the track at this time. The appellant came out of a turn and into a straightaway. As he did so, he was looking behind him and adjusting the carburetor with the engine at full throttle. He first saw appellee on the track when appellee was approximately 10 to 15 feet in front of him. Appellant immediately attempted to turn to his left and appellee jumped to his right. A collision occurred paralyzing appellant temporarily from the neck down and leaving him with a permanent weakness in all four extremities.

Appellant's complaint alleged, 1) that appellee was negligent in that he moved onto the track in front of the go-kart when it was so close as to create an immediate hazard of a collision and, 2) that appellee placed himself on the track when he knew or should have known that a collision could

occur. Trial was had to a jury which, at the direction of the court on appellee's motion at the conclusion of appellant's evidence, returned a verdict for the appellee. Judgment was entered accordingly. The overruling of appellant's motion for a new trial is the sole error assigned on this appeal.

The appellant predicates this motion for a new trial on the grounds, 1) that the verdict is contrary to law and, 2) that error of law occurred at the trial in the granting of appellee's motion for directed verdict and in directing the verdict. The appellant assumes in his brief that both grounds raise but one issue—whether it was error to direct the verdict —and makes his argument for reversal on that issue.

The arguments of the parties disclose tacit agreement that this issue must be resolved by a determination of whether either of the two allegations of negligence is supported by substantial evidence of probative value, including inferences that reasonably can be drawn therefrom.[1] Appellee has not argued that appellant was guilty of contributory negligence as a matter of law.[2]

The following excerpt from appellee's argument provides the means for an understanding of the issue before us on the merits of this appeal.

> "In the case at bar, the Appellant on direct examination testified that while he was looking straight ahead most of the time, turning his head occasionally to make certain adjustments, he did not see the Appellee until they were ten to fifteen feet apart. Then on cross examination Appellant testified that he was keeping his eyes on the wheels rather than on the track ahead of him. . . . He further

---

1. Appellant has not argued that the jury should have been given the opportunity to determine whether appellee was guilty of any act of negligence proximately causing his injuries other than those specified in the complaint. We therefore give no consideration to such possibility.

2. Which is not to say that appellee concedes that there is no evidence of negligent conduct by appellant. In support of his argument that there is "no evidence of probative value or substantial evidence" that appellee was negligent as alleged, appellee has stated ". . . that the accident occurred *solely* by reason of the failure of the appellant to look where he was going." (Emphasis added.)

said that there was thirty feet from where Mr. Russell was standing to the right edge of the blacktop. . . . He further stated that at no time until just immediately prior to impact did he see Mr. Russell move and at no time did he see Mr. Russell move out onto the track in front of him. Appellant would have the Court surmise and conjecture that [because] he did not see Mr. Russell when he was a hundred feet away that Mr. Russell had moved onto the track into the path of Mr. Smith during the time it took to go approximately eighty-five to ninety feet. There was no testimony that he saw Mr. Russell off the edge of the track or that he saw Mr. Russell at any point in the area where the accident occurred. As he stated on cross examination, he really wasn't looking down the track."

Further appellee argues: "From the testimony of the Appellant, while one might conjecture that Mr. Russell [appellee] moved onto the track immediately in front of the go-kart, one must more reasonably infer that Mr. Russell was on the track while the go-kart was still some distance away."

Appellee quotes from *Sparks* v. *Baldwin*, 137 Ind. App. 64, 68, 205 N. E. 2d 173 (1965), which in turn is a quotation from FLANAGAN, WILTROUT & HAMILTON, INDIANA TRIAL AND APPELLATE PRACTICE, § 1661 (1963 Supp.) that " 'a verdict should be directed where there is a total lack of substantial evidence of probative value, a total lack of evidence not being required.' "

In support thereof the quoted textbook cites *Phares* v. *Carr*, 122 Ind. App. 597, 106 N. E. 2d 242 (1952), in which we reversed a judgment founded on a directed verdict for the defendant. Judge Achor there said (122 Ind. App. at 599):

"The question in this case having been presented upon sustaining of a motion for a directed verdict at the conclusion of plaintiff's evidence, it was not within the province of the trial court to weigh the evidence, as is true upon motion for a new trial. *Heiny, Admx.* v. *Pennsylvania R. Co.* (1943), 221 Ind. 367, 47 N. E. 2d 145. Rather, it was the duty of the court under this motion to consider only the evidence favorable to the party against whom the motion was directed and all reasonable inferences deducible therefrom. *Hummel* v. *New York Cent. R. Co.* (1946), 117

Ind. App. 22, 66 N. E. 2d 901; *Fox* v. *Jackson* (1946), 116 Ind. App. 390, 64 N. E. 2d 799; *State ex rel. Bowers* v. *Moser* (1944), 222 Ind. 354, 53 N. E. 2d 893; *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 34 N. E. 2d 190, 37 N. E. 2d 5.

"Also, the rule is well established that unless there was a total lack or failure of substantial evidence and reasonable inferences therefrom of probative value upon at least one essential element of plaintiff's case, the court should not give a peremptory instruction for a directed verdict. *Boyd* v. *Hodson* (1947), 117 Ind. App. 296, 72 N. E. 2d 46; *Boston* v. *C. & O. R. Co.* (1945), 223 Ind. 425, 61 N. E. 2d 326; *State* v. *Robbins* (1943), 221 Ind. 125, 46 N. E. 2d 691; *Sheehan* v. *New York Central Railroad Co.* (1940), 108 Ind. App. 38, 27 N. E. 2d 100; *State* v. *Kubiak* (1936), 210 Ind. 479, 4 N. E. 2d 193."

In *Hummel* v. *New York Cent. R. Co.*, cited in the foregoing quotation, (117 Ind. App. 22, 66 N. E. 2d 390 [1946]), we affirmed a judgment for the defendant based on a directed verdict. The question there was whether there was evidence, or an inference reasonably drawn therefrom sufficient to support a finding that the appellee's train failed to whistle for the crossing. There was direct evidence that the whistle was blown. The evidence on which appellant relied as supporting his allegation that it was not blown was the testimony of a Mrs. Callecod who was in her house near the crossing at the time of the collision.

"She further testified she did not hear the whistle; she never heard the whistle; she had gotten accustomed to trains and never noticed them; she was accustomed to it and she never noticed this train whistle; it could have whistled; she did not mean to say it didn't whistle; it could have whistled because she just didn't notice them. . . .

"In considering the question presented we may not weigh the testimony of one witness against the conflicting testimony of another, nor may we weigh conflicting portions of the testimony of the same witness. *If the same witness makes contradictory assertions, we will not undertake to determine which of the assertions are true, that being a question for the jury.* All facts which the evidence tends to prove and all inferences reasonably deducible therefrom

must be accepted as true against the moving party. *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 37 N. E. (2d) 5; *Snider* v. *Truex* (1943), 222 Ind. 18, 51 N. E. (2d) 477. (Emphasis added.)

"Yet while we will not weigh it, the evidence that will support a finding must be substantial evidence. It must be evidence which has probative value. *Hirst* v. *Chevrolet Muncie Divsion, etc.* (1941), 110 Ind. App. 22, 33 N. E. (2d) 773, 37 N. E. (2d) 3.

"It is true that the testimony of one who was near a crossing and in a situation to have heard the whistle, that he did not hear it, is generally sufficient to support the inference that such a warning signal was not given. *Pennsylvania Co.* v. *Clark, Admx.* (1922), 191 Ind. 470, 133 N. E. 588. We are convinced, however, that the testimony of Mrs. Callecod was not sufficient to support that inference in this case.

"Her negative testimony would have probative value if it could fairly be said that under all the circumstances she would have heard the whistle if it were blown, but such is not the case here. She testified she did not hear the whistle, it is true, but the inference that she did not hear it because it was not blown finds no support in the evidence in the light of her testimony that because she had become so accustomed to hearing trains whistle, she never noticed or heard them and would not have heard the whistle in any event. We are, therefore, of the opinion that, discounting entirely the testimony of the engineer and the statement of the truck driver, and viewing the testimony of Mrs. Callecod in the light most favorable to the appellant, a finding that the whistle was not blown could be the result only of speculation, surmise and conjecture." *Hummel* v. *New York Cent. R. Co., supra,* (117 Ind. App. at 25).

The question for our decision, then is whether an inference that appellee moved onto the track during the time appellant was adjusting the carburetor can *reasonably* be drawn from appellant's testimony. Or, instead of being a reasonable inference, would it be mere speculation and surmise for the jury to reach such a conclusion from appellant's testimony?

We do not understand appellee as arguing that if appellant's cross-examination were disregarded it would be unreasonable to infer from his direct examination that he would have seen

appellee on the track before appellant began to adjust the carburetor had appellee then been on the track. On the contrary, it appears that appellee relies on the testimony on cross-examination in which he seemingly places more credence than in appellant's statement on direct examination as to where he was looking before he began to adjust the carburetor. This argument ignores some of the rules which the courts have laid down to protect the nonmoving party's constitutional right to trial by jury against judicial usurpation of the jury's fact finding role.[3] It seeks to induce the court not to confine its consideration to the evidence most favorable to appellant, but to weigh unfavorable contradictory evidence against the favorable evidence and to decide which ultimate fact "one must more reasonably infer."

It is undisputed that there were no obstructions on the track which would have prevented appellant from seeing appellee, if appellee was on the track at any time when appellant was looking ahead. Appellant testified he was looking ahead. This testimony certainly tends to prove that appellant was looking ahead and thus becomes a fact that must be accepted as true in deciding whether it was error to direct a verdict. Given this fact and these circumstances, we are convinced that, to paraphrase *Hummel, supra,* (117 Ind. App. at 26), it can fairly be said that under all the circumstances appellant would have seen appellee if he had been on the track.[4] Thus, appellant's negative testimony on

---

3. "While the courts in this state have a duty and responsibility to protect citizens from actions destitute of a foundation in law, we must concern ourselves with a constitutional provision of Indiana as set forth in Article 1, Section 20 thereof, to wit:

" 'In all civil cases, the right of trial by jury shall remain inviolate,' which places 'a heavy restraining hand upon the courts to deny the submission of a cause brought in good faith and based upon a situation involving far reaching and serious consequences to the plaintiff.' *Garr* v. *Blissmer* (1961), 132 Ind. App. 635, 177 N. E. 2d 913." *Bradford* v. *Chism,* 134 Ind. App. 501, 504, 186 N. E. 2d 432 (1963).

4. This is not to say that the jury, or anyone else, was required so to say, but merely that "it could fairly be said", i.e., it was reasonable to infer.

direct examination would have probative value, *if* the jury believed it and if they drew therefrom the inference which reasonable men might draw from such evidence. If the cross-examination weakened or destroyed the probative value of this negative testimony, it did so only to the extent that the jury so found upon weighing the testimony on cross-examination against the testimony on direct examination.

The conclusion is inescapable that in directing a defendant's verdict the trial court weighed the evidence and, in effect, passed on the credibility of appellant as a witness.[5] In this he committed error.

Appellee contends that the question we have discussed and decided is not presented to us by this appeal because appellant has waived it by not filing a memorandum with his motion for a new trial. If a memorandum was required, it was by reason of Indiana Supreme Court Rule 1-14B which reads as follows:

> "Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law', the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such

---

5. Only in appeals of criminal cases has the Supreme Court of Indiana found the evidence insufficient because a witness' testimony was wanting in credibility. The latest such case is *Gaddis* v. *State*, 253 Ind. 73, 251 N. E. 2d 658, 19 Ind. Dec. 74 (1969). A much earlier such case, *Sylvester* v. *State*, 205 Ind. 628, 632, 187 N. E. 669, 670 (1933), admonishes trial courts to carefully scrutinize the testimony of witnesses of bad character "with the view of determing whether there was any substantial evidence before the jury to sustain each issuable fact", when ruling on motions for peremptory instruction in favor of the defendant at the conclusion of the state's evidence. No such rule has ever been suggested for civil cases. As *Gaddis* holds, "to prove an essential allegation beyond a reasonable doubt requires more evidence than to prove an allegation by a preponderance of the evidence." (19 Ind. Dec. at 77.) It is this greater quantum of proof which is required to overcome the presumption of a criminal defendant's innocence which makes a law question of the prosecuting witness' credibility in *Sylvester* and in the cases cited in *Gaddis*. It is always a fact question in all civil cases. Even in *Gaddis* the two dissenting judges thought it a question of fact.

motion shall be deemed to have waived any ground not specified in the memorandum."

Appellant points out that the rule does not state when the memorandum must be filed and that he did later file a brief in support of his motion for new trial and which he contends fulfills the requirements of the rule. That brief was not filed until more than thirty days after the verdict. If a memorandum was required, we do not understand how one filed more than thirty days after the verdict would suffice.[6] It has repeatedly been held that a motion for new trial cannot be amended or supplemented after the filing period has expired. *Martin* v. *State*, 236 Ind. 524, 141 N. E. 2d 107 (1957) ; *Abeele* v. *Ruse*, 112 Ind. App. 596, 44 N. E. 2d 235 (1942) ; *Smith* v. *First National Bank of Hartford City*, 104 Ind. App. 299, 11 N. E. 2d 58 (1937) ; *H. W. Johns-Manville Co.* v. *South Shore Mfg. Co. et al.*, 70 Ind. App. 484, 123 N. E. 648 (1919).

It should be noted, however, that a memorandum is required only in support of the ground or grounds " 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law' " and that the second ground of appellant's motion was neither of those grounds, but was this:

"2. Error of law occurred at the trial as follows:
a. The Court erred in sustaining defendant's motion, made at the close of plaintiff's evidence, to instruct the Jury to return a verdict for the defendant.
b. The Court erred in giving to the Jury at the request of the defendant an instruction to return a verdict for the defendant."

We have been cited no case or other authority which holds that the foregoing form does or does not present the error it purports specifically to present. It is obviously based on the

6. We held in *Christlieb* v. *Overmeyer*, 145 Ind. App. 688, 252 N. E. 2d 257, 19 Ind. Dec. 322, handed down November 20, 1969, that it would not.

eighth ground for new trial set out in Burns Ind. Stat. Ann. § 2-2401, as follows: "Error of law occurring at the trial. . . ."

Indiana Supreme Court Rule 1-7 (5) reads:

"(5) The court's action in directing or refusing to direct a verdict shall be shown by order book entry. Error may be predicated upon such ruling or upon the giving or refusing to give a written instruction directing the verdict."

2 Wiltrout's INDIANA PRACTICE § 1780 is a comprehensive form of motion for new trial which was approved in *Wiggins* v. *Rose,* 141 Ind. App. 569, 230 N. E. 2d 636 (1967). This form and the discussion found in § 1770 of the same textbook support the conclusion that the error in sustaining the motion to peremptorily instruct and the error in so instructing the jury to return a defendant's verdict have been properly raised by the second specification of appellant's motion for new trial. We hold therefore, that ground 2 of appellant's motion for a new trial properly presented to the trial court and to this court the question of whether the trial court erred in instructing the jury to return a verdict for the appellee. Consequently, no memorandum to the new trial motion was necessary to bring that question before the trial court and before us. And we now hold that it was error to sustain the motion to direct the verdict and error to direct that verdict. Whether the verdict is also contrary to law is a question not before us and one that can remain unanswered without affecting the disposition of the case.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to sustain appellant's motion for new trial and for further proceedings not inconsistent with the views herein expressed. Costs are assessed against appellee.

Pfaff, C.J., Hoffman, J., concur. Sharp, J., concurs in result.

NOTE.—Reported in 253 N. E. 2d 268.