**James Brian COMPTON,**
**Appellant (Defendant),**

v.

**Mary R. PLETCH, Appellee (Plaintiff).**

**No. 12A02–9003–CV–177.**

Court of Appeals of Indiana,
Second District.

Jan. 24, 1991.

Peter L. Obremskey, Bridget L. Rogers, Parr, Richey, Obremskey & Morton, Lebanon, James D. Moore, Ryan, Hartzell, Moore & Cook, Frankfort, for appellant.

Michael E. Douglas, Frankfort, for appellee.

BUCHANAN, Judge.

PETITION ON REHEARING

In our original opinion, *Compton v. Pletch* (1990), Ind.App., 561 N.E.2d 803, we reversed a judgment which determined Compton to be 40% at fault in an auto accident. We did so because the court failed to instruct the jury on the sudden emergency doctrine. We now grant rehearing to amend our decision remanding this case for a new trial.

On rehearing, Pletch does not dispute the basis of the decision, but persuasively argues that Compton failed to raise on appeal any error with respect to damages, so the new trial should be limited to the issue of the liability of the parties.

Compton counters Pletch's claim by citing general damage principles, i.e. that a plaintiff is entitled to full recovery, and speculates that the failure to issue the instruction could have prejudiced the jury in its determination of total damages.

It is true that Compton did not raise any issue with respect to total damages award on appeal, so we, in our persistent effort to maintain stare decisis, must necessarily fol-

low our decision in *Crist, Inc. v. Whitacre* (1970), 147 Ind.App. 16, 258 N.E.2d 165, *reh'g granted*, 147 Ind.App. 16, 260 N.E.2d 893. In that case we reversed a trial court for failing to instruct the jury on the "reasonably prudent man" standard and remanded for a new trial. On rehearing, we amended the remand order so the new trial would be limited to the issue of liability. *Id.*

So it follows that the new trial ordered in our original decision should be limited to the issue of the liability of the parties. *See Id; see also* Annotation, *Grant of New Trial on Issue of Liability Alone, Without Retrial of Issue of Damages*, 34 A.L.R.2d 988 (1954). So be it.

SHIELDS, P.J., and SULLIVAN, J., concur.