Michael J. LEWIS, A Minor by his natural guardians and parents, James G. LEWIS and Helen Lewis, Plaintiffs–Appellants,

v.

Rachele M. BONAHOOM, Defendant–Appellee.

No. 02A03–9101–CV–21.

Court of Appeals of Indiana, Third District.

Dec. 24, 1991.

Thomas C. Doehrman, N. Kathleen Wenzel, Conour–Doehrman, Indianapolis, for plaintiffs-appellants.

Mark A. Garvin, D. Randall Brown, Barnes & Thornburg, Fort Wayne, for defendant-appellee.

GARRARD, Judge.

## I. Facts and Procedural History

This is an appeal from a defendant's verdict in a personal injury case. We affirm.

On May 17, 1986 Michael J. Lewis, a minor, was riding a bicycle eastbound on Lower Huntington Road in Fort Wayne, Indiana with two other boys. At the same time Rachele M. Bonahoom was driving a 1972 Oldsmobile Ninety–Eight eastbound on Lower Huntington Road and was approaching Lewis and his friends from behind. They saw Bonahoom approaching. Lewis moved his bicycle over to the left side of the road and his friends stayed on the right side. As Lewis maneuvered his bicycle to the left side of the road, the front right side of Bonahoom's car and the back end of Lewis' bike collided. As a result, Lewis was injured.

Lewis, by his parents and natural guardians, James G. and Helen Lewis, filed suit against Bonahoom on November 18, 1988. Lewis claimed Bonahoom was negligent for travelling at an unsafe speed for the conditions present, failing to keep her vehicle under control, and failing to sound her horn.

On November 27–29, 1990 trial was held to a jury. At the trial Lewis tendered an instruction based upon IC 9-4-1-89 which, paraphrased, provides that a driver of a vehicle shall give an audible signal when necessary and shall exercise proper precautions to avoid a collision with a pedestrian or bicyclist. Bonahoom objected to Lewis' tendered instruction on the grounds that the trial testimony did not provide any evidence regarding whether Bonahoom did or did not sound her horn. The trial court modified Lewis' tendered instruction by deleting the reference to the statutory requirement to give an audible signal when necessary and gave the final instruction as the court's number thirteen. Lewis timely objected to the court's final instruction number thirteen. He contended there was, in fact, evidence in the record to support the giving of his tendered instruction.

After deliberations, the jury returned a verdict in favor of Bonahoom and against Lewis, and the court entered judgment on the verdict. The jury verdict indicated that Bonahoom was at fault, but that Lewis was more than fifty percent at fault. Lewis contends the failure to advise the jury of the statutory duty to sound the signal when necessary was reversible error because with that additional element the jury might have determined that Bonahoom's percentage of fault was more than fifty percent.

Lewis filed a motion to correct errors asserting this issue on December 20, 1990, and the trial court denied the motion on the same date. As a result, Lewis appeals.

## II. Issue

The issue present on appeal is: Whether is was reversible error for the trial court to refuse Lewis' tendered instruction number nine regarding the sounding of a signal when necessary when no testimony or evidence at trial was elicited concerning such a signal.

## III. Discussion and Decision

■■■ In reviewing a trial court's refusal to give a tendered instruction we must determine: (1) whether the tendered instruction is a correct statement of the law; (2) whether there is evidence in the record to support the instruction; and (3) whether the substance of the instruction is covered by other instructions given by the court. *Compton v. Pletch* (1990), Ind.App., 561 N.E.2d 803, 805, *modified on other grounds*, 565 N.E.2d 771; *Sullivan v. Fairmont Homes, Inc.* (1989), Ind.App., 543 N.E.2d 1130, 140, *trans. denied.* Therefore, for refusal of a tendered instruction to constitute error, there must be some evidence in the record to support the theory set out in the instruction. *Fankboner v. Schubert* (1982), Ind.App., 431 N.E.2d 856, 861, *trans. denied, citing Malavolti v. Meridian Trucking Co.* (1979), 69 Ill.App.3d 336, 25 Ill.Dec. 770, 387 N.E.2d 426. Because we find no evidence in the record to support the refused instruction, we affirm the trial court's refusal to give the instruction and do not address the other requirements.

Lewis' tendered instruction number nine provided:

At the time of the occurrence being considered, there was a statute in effect in the State of Indiana that provided as follows:

9-4-1-89. Notwithstanding other provisions of this chapter or the provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human powered vehicle *and shall give an audible signal when necessary* and shall exercise proper precautions upon observing any child or any obviously confused, incapacitated or intoxicated person.

If you find from a preponderance of the evidence that the Defendant was in violation of this statute on the occasion in question, then you may consider that violation in your assessment of fault against the Defendant.

R. p. 28 (emphasis added).

The trial court modified Lewis' instruction as tendered and gave it as the court's final instruction number thirteen. The court's modified instruction contained language identical to Lewis' tendered instruction, except that the language underlined above regarding the giving of a signal when necessary was omitted. (R. p. 45). The trial court found no evidence in the record to support the giving of the "and shall give an audible signal when necessary" portion of IC 9-4-1-89. We agree.

A review of the record discloses that there was no mention during trial of a horn being sounded or not being sounded. The subject was never questioned or discussed by any of the witnesses. It is true, as Lewis asserts, that five eyewitnesses to the accident testified to what they observed, did, or witnessed prior to and at the time of the collision, and not one of them, including Bonahoom, testified that Bonahoom sounded her horn as she approached the boys and attempted to pass them. Lewis essentially claims that because Lewis, Bonahoom, and three eyewitnesses did not mention that a horn was sounded, an inference arises that a horn was not sounded. He contends this type of inferential evidence is best termed negative evidence, and is evidence that supported the giving of Lewis' tendered instruction requiring a motorist to give an audible signal when necessary. We disagree.

■■■ Negative evidence is generally defined as testimony that an alleged fact did not exist. *Black's Law Dictionary* 1183 (4th Ed.1986). Likewise, in Indiana it has been held that the testimony of one, who is near a crossing and in a situation to hear the train whistle, that he or she *did not hear it,* is generally sufficient to support the inference that such a warning signal

was not given. *See Callahan v. New York Cent. R.R. Co.* (1955), 125 Ind.App. 631, 125 N.E.2d 263, 267, *trans. denied* (emphasis added), *citing Hummel v. New York Cent. R.R. Co.* (1946), 117 Ind.App. 22, 66 N.E.2d 901. In this case, Lewis failed to present *any testimony* that a horn was not sounded. In fact, there was no testimony regarding the horn from any of the eyewitnesses to the collision because the witnesses were never questioned by either counsel about whether a horn was sounded. Our review of the Indiana cases involving negative evidence, including the decisions cited by Lewis, disclose that they are not applicable to the present case because the counsel for the respective parties in those cases actually questioned and elicited responses from witnesses regarding the item or action alleged to have occurred. In this case, the witnesses were not even asked what they heard, let alone if they heard the sound of a horn. As a result, Lewis' argument that because Bonahoom did not say she sounded her horn, and the witnesses did not offer any testimony regarding a horn, a reasonable inference can be drawn that Bonahoom did not sound her horn, stretches the concept of negative evidence too far.

■ Furthermore, we fail to see how the evidence could give rise to a proper inference that a signal was not given. An inference is the permissible deduction the trier of facts may reasonably draw from other established facts. *Magazine v. Shull* (1945), 116 Ind.App. 79, 60 N.E.2d 611, 613, *trans. denied.* Generally, the finding as to an ultimate fact must be established by evidence or proper inferences drawn therefrom, and cannot be based upon conjecture, speculation or guess. *State Farm Mut. Auto. Ins. Co. v. Shuman* (1977), 175 Ind. App. 186, 370 N.E.2d 941, 956, *trans. denied.* Our decisions emphasize that while the jury is entitled to choose between conflicting inferences, it cannot choose between mere conflicting possibilities. *Id., citing Aetna Life Ins. Co. v. Nicol* (1949), 119 Ind.App. 441, 86 N.E.2d 311. In this case, there was no testimony or other evidence regarding whether or not Bonahoom's car had a horn and, if so, whether

the horn was functional at the time of the accident. Furthermore, during the trial no testimony regarding what the witnesses heard generally or whether they heard a signal in particular was elicited. As a result, the only inferences that could be drawn from the evidence at trial would be speculative. The trial court was correct in not forcing the jury to engage in such guess work.

As the plaintiff in this case, Lewis bore the burden of producing evidence from which the jury could find or infer that Bonahoom did not "sound her signal when necessary" according to the language of the statute. Lewis may not now complain about a refused instruction when he did not produce any evidence at trial to support the giving of the instruction. The trial court's refusal to submit his tendered instruction was not error.

The decision of the trial court is, accordingly, affirmed.

RATLIFF, C.J., and STATON, J., concur.