814 F.2d 491
 43 Fair Empl.Prac.Cas. 641,
42 Empl. Prac. Dec. P 36,924
Robert A. ROSE, Plaintiff-Appellee, Cross-Appellant,
v.
HEARST MAGAZINES DIVISION, THE HEARST CORPORATION,
Defendant-Appellant, Cross-Appellee.
 Nos. 86-2025, 86-2111.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 21, 1987.
Decided March 23, 1987.
 
 Jeffrey M. Bernbach, New York City, for defendant-appellant, cross-appellee.
 Wilfred F. Rice, Jr., Chicago, Ill., for plaintiff-appellee, cross-appellant.
 Before BAUER, Chief Judge, RIPPLE, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 BAUER, Chief Judge.
 
 
 1
 Plaintiff, Robert A. Rose ("Rose") brought suit against the defendant, Hearst Corporation ("Hearst"), alleging that Hearst had violated his rights under the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. Sec. 621 et seq., by: (a) demoting him from his position as Manager of Hearst's Special Publications, (b) by failing to transfer him to the position of Western Advertising Manager of Cosmopolitan Magazine, and (c) by suspending and discharging him in retaliation for filing charges of age discrimination with the Equal Employment Opportunity Commission and the Illinois Fair Employment Practices Division. The district court granted defendant's motion for summary judgment on plaintiff's discriminatory failure to hire claim, and denied defendant's motions for summary judgment on the discriminatory demotion claim and the retaliatory discharge claim. After trial, the jury found that plaintiff had not been discriminatorily demoted but that he had been discharged in retaliation for filing an age discrimination claim. In addition, the jury found the retaliatory discharge to be non willful. The jury awarded plaintiff $112,500 in compensatory damages. We affirm the district court's decision that plaintiff has not been discriminatorily demoted and reverse and remand the retaliatory discharge claim to the district court in light of the inconsistent verdicts.
 
 I.
 
 2
 Hearst hired Rose as an advertising salesman in 1952. Except for a brief hiatus in 1956, he remained employed with the defendant until his discharge on March 11, 1982. At the time of his discharge, he was fifty-seven years old, and at the time of trial, he was sixty-two.
 
 
 3
 In 1966, Rose was appointed Midwest Sales Manager for Cosmopolitan. He maintained an outstanding sales performance record for the next thirteen years. In 1980, he was named Midwestern Manager of defendant's Special Publications, then consisting of six different magazines (later reduced to two), including one entitled Country Living. In April of 1981, Rose was severely injured in an automobile accident while enroute to an appointment. During his subsequent convalescence Hearst paid Rose full salary and his maximum bonus, despite the fact that Rose's sales efforts had dropped off even before his accident. During Rose's absence, Hearst hired a younger man as Midwest Advertising Manager for Country Living, separating Country Living from Special Publications.
 
 
 4
 In October, 1981, Rose returned to full-time work as a salesman with an assigned sales territory in the Midwest for Country Living. Rose was unhappy with his demotion and Hearst became increasingly unhappy with Rose's lack of effort and poor attitude. Feeling that he had been permanently supplanted and shunted aside in favor of younger individuals, he filed his charges against the defendant. As a result, Hearst placed Rose on 30 days probation. During that time Rose failed to file the requested call reports and failed to make any sales.
 
 
 5
 On March 3, 1982, Hearst Magazine Executive Vice President and General Manager Robert Brink held a meeting of Chicago area managers which Rose attended. Following this meeting Brink called Rose to another meeting at which he reviewed the criticisms he had received about Rose's performance and angrily chastised him for filing the age discrimination charges. Brink suspended him at that meeting and fired him one week later.
 
 
 6
 On appeal, Hearst argues that the jury verdict of nonwillful retaliatory discharge is inherently inconsistent and that the district court's judgment should be reversed and remanded for a new trial. Hearst also argues that the evidence was insufficient to support this verdict. Rose argues that we should affirm the retaliatory discharge claim because it was amply supported by credible evidence, but that the district court erred when it failed to amend the judgment to provide for statutory liquidated damages and that it improperly ordered plaintiff's reinstatement, rather than awarding him "front pay." Because we find that the jury verdict of nonwillful retaliatory discharge is inherently inconsistent, we need not address defendant's argument that insufficient evidence existed to support the retaliatory discharge claim or plaintiff's argument that he is entitled to liquidated damages and other equitable relief.
 
 II.
 
 7
 At trial Rose argued that he had been discriminatorily demoted from his position as Manager of Hearst's Special Publications in violation of ADEA. After considering all the evidence the jury found that the reasons for Rose's demotion were not age-related. We agree. The evidence shows that defendant demoted Rose for a number of other reasons. First, Rose's sales performance had been dropping off. Rose failed to sell even one page of advertising on Country Living magazine and sold only 1.82 pages of advertising in Special Publications magazines. Second, Rose was severely injured in an accident and was out of work indefinitely. It is reasonable that the defendant eventually reorganized its operation to cover Rose's sales territory. Third, Rose failed to notify defendant of any projected date for his return to work. There is substantial evidence from which the jury could rationally have found that Rose's demotion was not age-related.
 
 III.
 
 8
 Rose claimed that he was discharged because he had previously filed charges of age discrimination. On this issue, the jury was presented with special verdict questions, two of which were as follows:
 
 
 9
 1. Do you find that plaintiff proved by a preponderance of the evidence that the filing of age discrimination charges was a determining cause for his discharge?
 
 
 10
 * * *
 
 
 11
 3. Do you find that plaintiff proved by a preponderance of the evidence that defendant "willfully" violated the age discrimination law when it discharged plaintiff?
 
 
 12
 In response to the first question, the jury answered "yes", finding that Rose was terminated in retaliation for filing the age discrimination charge. In response to the second question, however, the jury answered "no", finding that the retaliation was not willful.
 
 
 13
 We held in Will v. Comprehensive Accounting Corp., 776 F.2d 665, 667 (7th Cir.1985) that civil juries must return consistent verdicts and have reversed cases where inconsistencies between special verdicts cannot be resolved. Bates v. Jean, 745 F.2d 1146, 1151 (7th Cir.1984); Colas et al. v. Grzegorek et al., 207 F.2d 705, 708 (7th Cir.1953). In Bates we reversed and ordered a new trial, holding that the two special verdicts were hopelessly irreconcilable. There we noted that "It is impossible to knowingly violate a person's rights and yet be unaware that such actions are unconstitutional." 745 F.2d at 1151. The parallel inconsistency here is just as irreconcilable. The jury found that Hearst's violation of the Act was nonwillful. If Hearst acted in good faith, it cannot be logically held to have retaliated against Rose. The court in Powell v. Rockwell International Corp., 788 F.2d 279 (5th Cir.1986) addressed the definition of willful in the retaliation context. There, the plaintiff brought suit against Rockwell alleging age discrimination. The jury found no age discrimination, but found that Powell had been the victim of a retaliatory discharge in violation of 29 U.S.C. Sec. 623(d), and it awarded damages. A Rockwell official testified that he knew that retaliatory discharge was against the law. The court noted that even if the official didn't "know" that firing an employee in retaliation for filing an ADEA claim was illegal, then the action was certainly "reckless."[1] The Powell court held that a jury finding of retaliatory discharge necessarily found "willfullness." 788 F.2d at 286. Similarly, the juries' inconsistent response of a finding of retaliation as well as a finding of nonwillfulness by the defendant are irreconcilable. For the foregoing reasons, the judgment of the district court is
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 [1]
 In Transworld Airlines v. Thurston, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), the Court said "a violation is 'willful' if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA."